## JOHN R. FAVER v. D. T. ROBINSON.

1. VARIANCE—IDEM SONANS.—A petition, citation, and service on John R. Favers will not support a judgment by default against John R. Faver.
2. VENDOR'S LIEN—PLEADING.—A petition alleging the execution of a promissory note by the vendee and others, for the purchase-money of land, is insufficient to support a judgment enforcing the vendor's lien against such land.
3. SAME—WAIVER.—Where the vendor of land takes a distinct and independent security, either of property or of the responsibility of third persons, he will be considered to have waived the lien which equity infers from the sale on credit, unless it appears that he reposed as well upon the lien as upon such other security.
4. SAME—PLEADING.—Where the lien is claimed in addition to such other security, it must be alleged and proved that the lien was not waived by the taking of such other security.
5. Distinguished from Cartwright *v.* Chabert, 3 Tex., 261, and Tryon *v.* Butler, 9 Tex., 553.

ERROR from Delta. Tried below before the Hon. W. B. Andrews.

D. T. Robinson brought suit in the District Court against John R. Favers, R. H. Bennett, and Frederick W. Miner on a promissory note executed by Faver, Bennett, and Miner, to Delta county, and by the county assigned to plaintiff, for lot No. 5, in block 17, of the town of Cooper, sold by the county authorities to said John R. Favers. Judgment was asked for the amount of the note, and that the vendor's lien upon said lot be enforced.

Citation was issued, and service had on Favers and the other defendants.

Judgment final by default was rendered for the amount due on the note, and enforcing the lien and against John R. Faver.

Faver, Bennett, and Miner brought the case by writ of error to this court for revision.

*Frederick W. Miner*, for plaintiffs in error, cited Hall & Jones *v.* Jackson, 3 Tex., 310; Malone *v.* Kaufman, 38 Tex., 457; Cannon *v.* Bonner, 38 Tex., 491; Parker County *v.* Sewall, 24 Tex., 239; Houston *v.* Musgrove, 35 Tex., 597.

*S. W. Stewart*, for defendant in error.

Moore, Associate Justice.—The petition in this case does not warrant the judgment. Suit was brought against John R. Favers. The contract upon which the action is founded is alleged to have been made with Favers. The citation issued to Favers, and the sheriff's return shows that Favers was the party upon whom it was served, while judgment is rendered against John R. Faver. Evidently, it cannot be said that there is such similarity in the name of the defendant, as shown by the petition and citation and in the judgment, as to make the doctrine of *idem sonans* applicable in this case. Nor does the fact of the note, which was signed by Faver, being an exhibit to the petition, warrant our holding, in support of a judgment by default, that there was a mere clerical mistake in the spelling of the name of the defendant in the petition and citation, and that Faver, against

whom the judgment was entered, was the defendant named in the petition, and the party upon whom the sheriff served the citation.

This is altogether a different case from Cartwright *v.* Chabert, 3 Tex., 261, and Tryon *v.* Butler, 9 Tex., 553, cited by counsel in error in support of the judgment.

The case of Cartwright *v.* Chabert holds that after plea in abatement for misnomer of the plaintiff the mistake in the name may be corrected by amendment; and Tryon *v.* Butler decides that, although the record shows that a mistake in the name of the plaintiff had been corrected by amendment, it is not error to take judgment by default without service of the amendment upon the defendant. There was no question in either of these cases as to service of the citation upon the defendant. In the first the defendant was before the court contesting the plaintiff's right to correct by amendment the mistake in his petition. In the second the defendant had been duly served, and his failure to appear, it was said, could not deprive the plaintiff of the right of correcting the petition by any legitimate amendment. If Faver was in fact the party upon whom the citation was served, and the mistake in the name in the petition and citation had been corrected, the question would have been altogether different from what it is. If there is a mistake, it has not been corrected. As the case comes before us, we are called upon to say whether a petition, citation, and service against Favers warrants a judgment by default against Faver; and we are clearly of opinion that it does not.

There is another ground upon which the judgment should be reversed. The facts alleged in the petition are not such as to warrant a decree for the sale of the lot described in satisfaction of a vendor's lien for the purchase-money. It is distinctly alleged in the petition that the joint and several promissory notes of the vendee and Bennett and Miner was given for the amount which the vendee was to pay for the lot. This, as has been heretofore decided by this court, is

certainly *prima facie* evidence of the waiver of the vendor's lien, and throws upon the vendor the onus of proving, by satisfactory evidence, that it ought not to have that effect. (Parker County *v.* Sewell, 24 Tex , 238.) When the vendee " takes a distinct and independent security, either of property or of the responsibility of third persons," he will be considered to have waived the lien which equity infers from the sale on credit, unless it appears that he reposed as well upon the lien as upon such security. The petition in this case states facts which raise a presumption of a waiver of the lien, and there is no averment which, in the slightest degree whatever, tends to rebut this presumption. Indeed, it is not even alleged that either the vendor or the plaintiff had a lien, except inferentially, in the prayer for judgment.

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.