## P. S. Clark et al. v. N. M. Groce et al.

Delivered June 17, 1897.

**1. Title—Proof Of—Identity of Names in Chain.**

Land patented to "the heirs of Jarard E. Groce" was duly inventoried and partitioned as part of the estate of Jared E. Groce, Jr., and subsequently there was a contest of title between the parties to that partition, in which no evidence was offered showing the existence of any other Jarard E. Groce than the Jared E. Groce, Jr., whose estate was so partitioned. *Held,* that the identity of the names was sufficient, and that the patent vested the title in the heirs of Jared E. Groce, Jr.

**2. Jurisdiction of Probate Court in Partition—Presumption.**

The decree of the probate court partitioning realty among the heirs of an estate, when offered in evidence, carries with it the presumption of the jurisdiction of the court, as the subject matter is one over which the court may have jurisdiction, unless the decree shows affirmatively that the jurisdiction had not attached.

**3. Acknowledgment of Married Woman's Deed—Clerical Inaccuracies Not Vitiating.**

Where the certificate of a married woman's separate acknowledgment states that the deed was explained to her, it will be presumed that the explanation was by the officer, and the word "apart" in the certificate is sufficient for "privily and apart" in the statute, and the omission of the words "being examined by me," held not to vitiate, the remaining parts of the statutory certificate being sufficient to show the requisite examination. Following Belcher v. Weaver, 45 Texas, 294.

Appeal from Waller.   Tried below before Hon. T. S. Reese.

*A. J. & J. D. Harvey,* for appellants.—1.   In a conveyance of the title of a married woman, it is required that the certificate show that the instrument was executed, by the officer taking her acknowledgment separate and apart from her husband, and that she, separate and apart from her husband, acknowledged to such officer the execution of the instrument as her deed.  Pasch. Dig., art. 1003; Rice v. Peacock, 37 Texas, 393; Berry v. Donley, 26 Texas, 745; Huff v. Webb, 64 Texas, 286; Smith v. Elliott, 39 Texas, 210; Hayden v. Moffat, 12 S. W. Rep., 820.

2.   The grant to the heirs of Jarard E. Groce, deceased, did not vest title in the heirs of Jared E. Groce, Jr., deceased, the name of the grantee in the patent, Jarard E. Groce, not being the same name as Jared E. Groce, Jr., in the absence of evidence aliunde showing that the heirs of Jared E. Groce, Jr., were the persons intended.   Shields v. Hunt, 45 Texas, 427; Faver v. Robinson, 46 Texas, 205; Taft v. Cary, 64 Texas; Golden v. Patterson, 56 Texas, 628; Railway v. Block Bros., 84 Texas, 195.

3.   The proper and best evidence that a court has acquired jurisdiction of the subject matter is a copy of the original application in probate. Certified copies are sometimes evidence; but a certificate of the clerk to a fact, as in this case, is but secondary at best.   Smithwick v. Harris, 24 Texas, 408; Stafford v. King, 30 Texas, 257; Boss v. Mitchell, 22 Texas, 285; Howard v. McKensey, 54 Texas, 170; Buford v. Bostick, 58 Texas, 53; Williams v. Davis, 58 Texas, 250; Bigham v. Tolbert, 63 Texas, 271; Dosche v. Nettle, 81 Texas, 265; Howard v. Russell, 75 Texas, 171; Luck v. Zoff, 1 Texas Civ. App., 528; Rev. Stats., art. 2252.

*A. C. Tomkins,* for appellee.—1.   The certificate of acknowledgment was a substantial compliance with the statute, and was sufficient.   Pasch. Dig., art. 1003; Belcher v. Weaver, 46 Texas, 298; Webb on Record of Title, secs. 104-109.

2.   The statute which prescribes the mode of conveying wife's property does not expressly declare absolutely void any other mode of conveyance. The object in view was "freedom of will," and where proof is clear as to freedom of will, the conveyance will be sustained.   Womack v. Womack, 8 Texas, 397; Clayton v. Frazier, 33 Texas, 100.

3.   Although a certificate of acknowledgment may contain words that are not proper, or may omit words that should be used, still if enough is written to gather the meaning and intention of the officer in taking the acknowledgment, and that meaning and intent is in accord with the statute upon the subject, the certificate will be sufficient.   Webb on Record of Title, secs. 79-82, 111; Belcher v. Weaver, 46 Texas, 294; Durst v. Daugherty, 81 Texas, 653; Thompson v. Johnson, 84 Texas, 548.

WILLIAMS, Associate Justice.—Appellees brought this action to recover of appellants twenty-five acres of land, described in the petition

by metes and bounds as part of the J. E. Groce headright league.    The
defendant Mooney, as executrix of P. S. Clark, original defendant, who
died after the institution of the suit, pleaded not guilty.    The other de-
fendant, Chapman, answered that he was in possession under a lease from
his codefendant and asserted no other claim.    The trial was before the
judge, without a jury, and judgment was rendered for plaintiffs, from
which the defendants appealed. ·

The league and labor of land, of which that sued for is a part, was pat-
ented December 24, 1853, to the heirs of Jarard E. Groce, by virtue of a
duplicate certificate issued by the Commissioner of the General Land
Office, January 26, 1850.    The ancestor under whom the parties claim
was named Jared E. Groce, Jr.    He died in Austin County, February 3,
1839, leaving a widow, Mary A. Groce, who afterwards married R. R.
Peebles, a son, Jared E. Groce, and a daughter, Barbara M. Groce, who
married P. S. Clark.    In the year 1850 a decree was entered in the pro-
bate court of Austin County by which the property belonging to the
estate of Jared E. Groce and the community estate of himself and his
wife, Mary A., was partitioned between Mrs. Peebles and the two children,
Jared E. and Barbara M. Groce, who were then minors represented by
guardian.    This decree recites that the deceased left a will, in which an
executor was appointed, but does not affirmatively show whether an ad-
ministration was pending in that court or not.    It does show that the
guardianship of the minors was pending.    The certificate of the clerk to
the copy offered in evidence states that both the guardianship and the
administration were pending.    By the partition, land described as "the
league and labor granted to Jared· E. Groce, Jr., situated in Austin
County, known as the headright of said Jared E. Groce, Jr.; said league
lies E. of the league granted to M. Coates and Wm. Whitesides, in Austin
County, and is designated as in the diagram below," was adjudged to
Mrs. Peebles.  The field notes of the league and labor, given in the
patent, call for the Coates and Whitesides tract as part of its western
boundary, and the configuration of the diagram, given in the partition
proceedings, corresponds with the shape of the league and labor as indi-
cated by the field notes of the patent.    On July 28, 1869, Mary A. Peebles
and her husband executed a deed to her son, Jared E. Groce, by which
they undertook to convey to him, by metes and bounds, eighty acres of
the league described in the patent, of which eighty acres the land sued
for is a part.    The acknowledgment to this deed is as follows:

"*The State of Texas, County of Austin.*—Before me, R. M. Bozman, a
notary public in and for the county above written, personally came R. R.
Peebles and M. A. Peebles, husband and wife, who acknowledge to have
executed the annexed deed or instrument of writing for all the purposes
therein contained.    And the said M. A. Peebles, wife of R. R. Peebles,
before named, after having the same fully explained to her, apart from
her husband, acknowledged to have signed, sealed, and delivered the same
freely and voluntarily, and did not wish to retract it.    In testimony

whereof, I hereunto sign my name and affix my official seal, this the 29th day of July, A. D. 1869.

(Seal)                                     "R. M. Bozman, Notary Public."

Appellees, the plaintiffs below, are the heirs of the grantee in this deed, who died in 1871. The defendants introduced no further evidence of title. The record does not show whether Mrs. Peebles and Barbara M. Clark, nee Groce, are living or dead.

*Opinion.*—1. The court did not err in holding that the patent from the State vested the title to the land, therein described, in the heirs of Jared E. Groce, Jr. There is no evidence of the existence of any other person named Jarard E. Groce, and the difference in the spelling of the name is not sufficient to make inapplicable the general rule that, in deraigning title, identity of name is prima facie evidence of identity of person. Tyler on Ejectment, 493, 494, and authorities cited. In addition, junior is no part of the name. 3 Washb. on Real Prop., 287; Sedg. & Wait on Trial of Title, sec. 426. Besides, the proceedings in the probate court, to which the heirs or devisees of Jared E. Groce, Jr., were all parties, are sufficient to show his identity with the patentee. The fact that the patent issued after the decree of partition is unimportant. The decree shows that the land must have been located at the time of its rendition. The issuance of the patent, subsequently, simply vested the legal title in the heirs, and this passed by estoppel to Mrs. Peebles, to whom it had been set aside in the partition.

2. The court did not err in admitting and considering the decree of partition. It carried with it the presumption of the jurisdiction of the court, as the subject matter was one over which the court might by law have exercised jurisdiction, and the decree does not affirmatively show that the power had not attached. The certificate of the clerk as to the pendency of the administration and guardianship may be rejected, and still the presumption of jurisdiction would obtain. The land was sufficiently identified in the decree.

3. The most serious objection to the title produced by plaintiffs arises out of the informality of the acknowledgment of Mrs. Peebles to the deed to Jared E. Groce, but we have concluded that it contains a substantial compliance with the law. The parts of a perfect acknowledgment which are claimed to be wanting are the statements, (a) that the married woman was examined by the officer privily and apart from her husband; (b) that the instrument was explained to her by the officer; (c) that she acknowledged the instrument to be her act and deed. Considering these points in inverse order, (c) we find it settled that the acknowledgment that "she signed, sealed, and delivered the deed freely and voluntarily, and did not wish to retract it," embraces the idea that the instrument was her act and deed. Belcher v. Weaver, 46 Texas, 294; Coombes v. Thomas, 57 Texas, 322. (b) The sensible way in which to regard the certificate of the officer is to take it as stating the facts which transpired between himself

and the married woman, whose acknowledgment he has taken, and not as reciting the acts of other persons. Thus considered, the statement that the instrument was explained to her should be held naturally to mean that the explanation was made by him as it was his duty to do. He had no right to certify, in this connection, to what any one but himself and she had done, and it should not be assumed that he has done so. The certificate should therefore be held to mean that the officer explained the deed to the married woman. The certificate does not state that the explanation was made privily and apart from her husband. It has been held that the use of the words "separate and apart" from the husband is sufficient (Coombes v. Thomas, supra), and we can not see any reason why the latter word has not all of the meaning which both together would convey. Verbal accuracy in following the directions of the statute is not required. All that is required is that the certificate shows substantially the elements prescribed by the statute for the acknowledgment. (a) Does the certificate show the privy examination required by the statute? We have endeavored to show that what was done is to be taken as having been done by the officer, and that, if it was done apart from the husband, it was done "privily," so far as the statute requires it to be done. What constitutes the examination? We think it consists simply of the explanation of the instrument and the obtaining of the prescribed declaration and acknowledgment, by the woman, when freed from the presence of her husband. The officer is not required to examine her further, or to seek any other evidence as to her freedom of action, than her own declaration and acknowledgment, made under the circumstances stated. It follows that when the certificate shows, as does this, that the deed was explained and that the acknowledgment was made apart from the husband, all of the elements which make up the privy examination concurred. The constituents of the certificate need not be separately stated, but may be blended together, and one may include another. Belcher v. Weaver, supra, pp. 296, 299. The certificate under consideration in Mullins v. Weaver, 57 Texas, 6, did not expressly state that the woman was examined by the officer, but stated generally that the instrument was fully explained to her, by whom was not stated. It was held sufficient, the precise objection under consideration here not being discussed.

It follows that the court did not err in holding that plaintiffs showed title, and in rendering judgment in their favor.

*Affirmed.*