[No. 2277, Aug. 4, 1919.]

BISSETTI v. ROBERTS, Sheriff, et al.

### SYLLABUS BY THE COURT.

Under section 4136, Code 1915, providing, "When a complaint, answer or reply shall be adjudged insufficient in whole or in part upon demurrer, or the whole or some part thereof stricken out, on motion the proper party may file a further like pleading within such time as the court shall direct, and in default thereof, the court shall proceed with the cause in the same manner as if no such original pleading had been filed," where parts of a complaint are stricken out, but enough remains to constitute a cause of action, plaintiff need not amend to prevent a default, but may except to the ruling striking out such parts, go to trial on what is left, and on appeal have a review of the ruling striking out such parts.

Appeal from District Court, McKinley County; Raynolds, Judge.

Action by Claude Bissetti against R. L. Roberts, sheriff of McKinley county, and another. Judgment for defendants, dismissing the complaint, and plaintiff appeals. Reversed and remanded.

A. T. HANNETT and J. W. CHAPMAN, both of Gallup, for appellant.

WILSON & WALTON, of Silver City, and H. C. DENNY, of Gallup, for appellees.

### OPINION OF THE COURT.

MERRITT C. MECHEM, District Judge. Action for false imprisonment. The trial court sustained a motion to strike parts of the complaint and granted plaintiff 10 days in which to amend. The plaintiff excepted to the ruling of the court in striking parts of the complaint and to the action of the court in requiring him to file an amended complaint, and insisted, as the complaint, omitting the parts stricken, stated a cause of action, upon his right to have the defendant answer it and proceed to trial, and for these reasons refused to file an amended complaint. He was adjudged in default for failing to file an amended complaint within the time so fixed by the court, and his complaint was dismissed.

No point is made that the complaint failed to state a good cause of action, omitting the parts stricken by the court's order. The sole question presented for our determination here is: Can the court, after striking out a part of a complaint, require the plaintiff to file an amended complaint, and, in case of the plaintiff's refusal so to do, dismiss the action, although, omitting the stricken part, the complaint states a cause of action?

Our procedure in such case is governed by section 4136, Codification of 1915, which reads as follows:

"When a complaint, answer or reply shall be adjudged insufficient in whole or in part upon demurrer, or the whole or some part thereof stricken out, on motion the proper party may file a further like pleading within such time as the court shall direct, and in default thereof, the court shall proceed with the cause in the same manner as if no such original pleading had been filed."

The question is raised in this jurisdiction for the first time. The section above quoted is taken from Missouri (section 2066, Rev. Stat. 1889; Bremen Mining Co. v. Bremen, 13 N. M. 111, 79 Pac. 806), and the Supreme Court of that state in Munford v. Keet, 154 Mo. 36, 55 S. W. 271, in an exhaustive opinion, has construed and applied this statute. The question arose in that case in this wise: The defendant had pleaded several defenses, a part of them being stricken as insufficient, on plaintiff's motion.

"The court then asked defendant's attorneys 'whether they desired to file an amended answer, or stand upon the answer so filed.' The said attorneys informed the court 'that they desired to proceed to trial on the part of the answer not so stricken out (saving exceptions, of course, to the action of the court in striking out part of said answer), which the court refused to permit,' and held that the defendant must file a new answer, omitting the matter stricken out of the answer, or on failure so to do a default would be entered against the defendant. The defendant refused to file a new answer, and thereupon the court entered an interluctory judgment of default against him." 154 Mo. 45, 55 S. W. 273, supra.

The case was appealed to the St. Louis Court of Appeals, in which the decision of the trial court was affirmed; that court holding that:

"When a petition, answer, or reply has been adjudged insufficient, in whole or in part, on demurrer or motion to strike out, the party has only one of two courses to pursue: First, to refuse to amend, in which case a default must be entered against him, and, after a final judgment, appeal the case; or, second, to file an amended pleading, omitting the matter adjudged insufficient, in which event he waives the right to have the ruling of the court reviewed on appeal." 154 Mo. 46, 55 S. W. 273, supra.

Upon appeal to it, the Supreme Court of Missouri said:

"It is perfectly obvious that section 2066, Revised Statutes

1889, cannot be literally construed without producing legal absurdities. For instance, it is therein provided that if a petition, answer, or reply be adjudged insufficient in whole or in part upon demurrer, or the whole or some part thereof be stricken out on motion, 'the party may file a further like pleading within such time as the court shall direct.' The adjective 'like' is defined by Webster to mean: '1. Resembling; having resemblance; similar. 2. Equal; same in quantity, amount or extent.' No one would contend that this section means that, when a pleading has been adjudged insufficient, a similar pleading must be filed, for such a proceeding would not only be absurd, but would amount to contempt of court. Yet this is the literal construction of the statute. The true meaning of the words 'like pleading' is that they refer to a petition, answer or reply, as the case may be, which has been adjudged insufficient; or, in other words, if a petition, answer, or reply has been adjudged insufficient, another petition, answer, or reply must be filed, but it must not be 'like' the petition, answer, or reply which has been adjudged insufficient. This section does not mean, however, that where a petition contains more than one count, or an answer contains more than one defense, and one count of the petition or one defense of the answer is adjudged insufficient, the whole petition or the whole answer is thereby adjudged insufficient. The judgment of the court only acts on the part of the petition or answer that is attacked. The parts not attacked are not affected in such a case. To hold, therefore, that section 2066 requires that, when a part of a pleading is successfully attacked, the pleader must file an amended plea, simply stating again what is already stated, and has not been challenged or adjudged insufficient, would be to require a perfectly senseless and useless proceeding. For when the court adjudged the part attacked insufficient, such part, so far as that court is concerned, is eliminated from the pleading, and what remains unattacked would be the same, whether stated in that or in any other pleading; or, otherwise stated, the pleading is then in the same shape it would have been, if the part eliminated had never been stated in that pleading, or as it would be if an amended pleading was filed, omitting the matter adjudged insufficient, and stating only that which had not been adjudged insufficient. If, therefore, a part of a pleading is adjudged insufficient, but there remains enough to constitute a good petition or answer, the issues so remaining must be tried just as if the parts eliminated had never been embodied in the pleading, and thereafter, upon proper exception, the ruling of the trial court as to the part eliminated is open to review in the proper appellate court. Of course, if the whole pleading is adjudged insufficient, or is stricken out on motion, no issue remains, and there is nothing left to the defeated party but to amend by stating something else and different from the matter theretofore adjudged insufficient, or else to stand upon the ruling of the court, let judgment go against him, and appeal, after saving proper exceptions. The difference between the procedure where the whole and where only a part of a plea has been adjudged insufficient is manifest and rests upon common sense. The error of the lower courts in

this case lies in not applying this meaning to the section of the statute under consideration.

"Section 2066, Revised Statutes 1889, is a part of article V of chapter 33, which relates to pleading, and hence that section must be read in connection with the other sections of that article. It is a part of the Code of Civil Procedure, and, being in pari materia with all the other parts of the Code on the subject of pleading, it must be read with all such other parts, and must be construed as to harmonize and give meaning to all its parts, if possible. This is axiomatic. Reading it in this way, the result is that section 2040 permits a plaintiff to unite in the same petition several causes of action, stating each cause in a separate count, whether the same be such as have been heretofore denominated legal or equitable, or both. Section 2049 permits the answer to contain a general or specific denial of the facts stated in the petition, and also to set up any new matter constituting a defense or counterclaim. Section 2050 provides: 'The defendant may set forth by answer as many defenses and counterclaims as he may have, whether they be such as have been heretofore denominated legal or equitable, or both. They must each be separately stated, in such manner that they may be intelligibly distinguished, and refer to the cause of action which they are intended to answer.' Section 2052 permits the reply to contain a general denial of the new matter set up in the answer, and also 'any new matter not inconsistent with the petition, constituting a defense to the new matter in the answer.'

"Under these provisions of the Code it has been the settled rule in this state, ever since the decision in Nelson v. Brodhack, 44 Mo. 596 [100 Am. Dec. 328], that a defendant may interpose as many defenses, stated separately, as he has, provided they are consistent with each other; that is, so long as proof of one does not necessarily disprove the other. Thus, in a suit on a note, the defendant may plead non est factum, and also payment or release, or, in an action for slander, he may deny uttering the words and also plead that the thing charged is true. So a plaintiff may unite in his petition a count in equity, asking a cancellation of a release of a cause of action, and a count at law, asking damages upon the cause of action referred to in the release. Courtney v. Blackwell, 150 Mo. 245 [41 S. W. 668]; Id., 139 Mo. 440 [41 S. W. 205]. A petition may also contain two counts, and if one count is adjudged insufficient, and the other count is held good, the plaintiff can save his exception to the ruling as to the count held bad, go on and try the case upon the good count, and afterwards have the ruling on the count adjudged bad reviewed on appeal. McKenzie v. Donnell, 151 Mo. 431 [52 S. W. 214]. The same is true of an answer which contains several defenses stated separately. If any one count of a petition, or any separate defense set up in an answer, is adjudged insufficient, such ruling does not affect the other counts of the petition or the other separate defenses; and if the counts or defenses remaining constitute a cause of action or a defense, as the case may be, there are issues pending before the court which must be tried. In such cases the pleader may amend the insufficiently

pleaded matters, or may stand upon the ruling of the court as to them. If he amends, he thereby submits to the ruling of the court, and cannot afterwards have such ruling reviewed; but if he stands upon the ruling, the court can only enter judgment against him as to such matters as have been held insufficient, and if enough remains of the petition or answer to constitute a cause of action or a defense to a cause of action pleaded, the issues so remaining must be determined, and thereafter the ruling of the trial court will, on proper exceptions saved, be reviewed by the appellate court.

"This is the true construction to place upon section 2066, and it effectuates the provisions of sections 2040, 2049, 2050, and 2052. A single illustration will show that this is the correct view to take of section 2066. A petition may contain several causes of action, stated in separate counts. An answer may contain several defenses, and also a counterclaim, each stated separately. If the equity count in a petition, or the counterclaim in an answer, is adjudged insufficient, the count at law in the petition, or the defenses in the answer, still remain unattacked, and not adjudged insufficient. A complete issue thus remains. If the adjudication as to the count in equity, or as to the counterclaim, compels the party to amend, so as to omit such matters, on penalty of a judgment of nonsuit or default for failure so to do, then a perfectly good cause of action or a complete defense would thereby be thrown out of court, without ever having been attacked, tried, or determined; and this, too, because the plaintiff was held not to have some other cause of action, or the defendant some other defense, and the plaintiff would have to risk his right to recover on his good cause of action, or the defendant his right to defend on his complete defenses, in order to have a review of the ruling of the trial court upon the count or defense adjudged insufficient. Such a construction of the statute leads to this result: A trial court could always dictate what causes of action the plaintiff shall assert or what defenses a defendant shall make. By adjudging one count of a petition (or even a part of a count) insufficient, the plaintiff could be compelled to amend and leave such count out of his petition, and if he does so, the ruling of the trial court cannot be reviewed, or else he must allow judgment to go against him on the good counts, as well as the bad, and risk reversing the trial court's ruling on the bad counts. The defendant is in even worse plight, for the plaintiff can amend by omitting the part or count adjudged insufficient, and at once begin a separate action on these claims, but the defendant cannot thus go out of the front door of the court and come in again through the back door; he is in court against his will, and must make all his defenses then, in that suit, and cannot avail himself of any he had in any subsequent proceeding. If an adverse adjudication as to one defense compels the defendant to amend and omit such defense in order to secure a hearing upon the other defenses pleaded, then it follows that the trial court absolutely determines which defenses shall be set up, for no reasonable man would run the risk of allowing judgment to go against him on his good, unattacked defenses, in order to test the ruling of the

court on those which were challenged and adjudged insufficient. Neither did the lawmakers ever intend by section 2066 to place litigants so completely or unreasonably in the power of the trial courts, for the policy expressed in section 2246 is that every person aggrieved by any final judgment or decision of any circuit court shall have a right to appeal to the proper appellate court in all cases not prohibited by the Constitution.

"It was intended by section 2066 to provide that if the whole of a petition, or answer or reply was adjudged insufficient, the party should amend the whole pleading or judgment should go against him, and if only one count of a petition, or one defense in an answer or reply, was adjudged insufficient, the party should amend such count or defense, or judgment should go against him as to such count or defense only; but it was never intended that, when only one cause of action or one defense was adjudged insufficient, other causes of action or defenses contained in the pleading should be thrown out of courts without a hearing, unless the party amended so as to omit the matters adjudged insufficient. This is the first case of its kind, to which our attention has been directed, that has reached this court, and hence the first time this court has been called upon to adjudicate the question. The provisions of section 2066, Revised Statutes 1889, have stood upon our statute books in exactly the same words ever since 1855, where they appear as section 40 of article VI of chapter 128, Revised Statutes 1855, and this is the first case which has reached this court where the construction adopted by the trial court and sustained by the Court of Appeals has ever been contended for. The reports of our state contain many cases in which this court has reviewed the ruling of the trial courts in holding one count or one defense insufficient, and where the defeated party has saved his exception and proceeded with the trial upon the counts of the petition or the other defenses of the answer, which were not adjudged insufficient. This in itself is persuasive of the correctness of the construction here adopted. The answer in this case stated a good defense, if proved, to plaintiff's cause of action, even after the court had stricken out the part embraced in the brackets, and hence the trial court erred in entering a judgment by default against the defendant and in refusing to allow him to participate in the trial."

A decision of the Supreme Court of the state of Missouri on the construction of a section of our Code of Civil Procedure borrowed from that state, made after the date of its adoption by New Mexico, while not binding upon this court, is of great persuasiveness. Aside from this consideration, however, the conclusions reached in the opinion quoted thoroughly recommend themselves to us as the only ones possible to be reached, if the

statute is to be construed in the liberal spirit of code pleading.

Counsel for appellees cite Lasswell v. Kitt, 11 N. M. 459, 70 Pac. 561, as in point sustaining the action of the court in this case. But a reading of that case shows that the defendant demurred because the complaint on its face showed that the plaintiff had an adequate remedy at law, and the effect of the court's ruling in defendant's favor was to adjudge the whole complaint insufficient, so, as pointed out in the opinion quoted above, the plaintiff had nothing to stand on, and had no alternative but to amend or let a judgment of dismissal go against him and appeal.

It is therefore held that the lower court erred in entering its judgment of dismissal, and that said judgment must be reversed, and the cause remanded for further proceedings in conformity with this opinion; and it is so ordered.

PARKER, C. J., and ROBERTS, J., concur.