UVALDE COUNTRY CLUB, Appellant,

v.

MARTIN LINEN SUPPLY COMPANY, INC., Appellee.

No. 04-83-00451-CV.

Court of Appeals of Texas, San Antonio.

Dec. 31, 1984.

Rehearing Denied Jan. 29, 1985.

George H. Spencer, Jr., Clemens, Spencer, Welmaker & Finck, San Antonio, for appellant.

R. Laurence Macon, Cox & Smith, San Antonio, for appellee.

Before ESQUIVEL, TIJERINA and DIAL, JJ.

## OPINION

TIJERINA, Justice.

This is a direct appeal by writ of error from a default judgment. Appellee filed suit to collect on a contract for services rendered and appellant, although served with citation, failed to file an answer or enter an appearance. Default judgment was subsequently rendered.

Appellant's first assertion of error alleges that the record does not show that the person served with citation was authorized to receive service or that he was connected with appellant. Appellee's original petition alleged that appellant could be served by serving its registered agent, Henry Bunting, Jr., 137 West Nopal Street in Uvalde, Uvalde County, Texas. The citation was directed to Uvalde Country Club (appellant), by serving its registered agent, Henry Bunting, 137 West Nopal Street, Uvalde, Texas. The sheriff's return certifies that service was executed September 29, 1981, at 10:00 a.m. by delivering to Henry Bunting, in person, a copy of the citation together with a copy of the original petition.

 To invoke the jurisdiction of the appellate court, a writ of error must be filed within six months after the final judgment. TEX.REV.CIV.STAT.ANN. art. 2255 (Vernon 1971). Additionally, the party seeking writ of error relief must not have participated in the trial of the case. TEX.REV.CIV.STAT.ANN. art. 2249a

(Vernon Supp.1984). We will address the third requirement, i.e., that the invalidity of the judgment must appear on the face of the record. *See Garcia v. Garcia*, 618 S.W.2d 117, 118 (Tex.Civ.App.—Corpus Christi 1981, no writ). The rules of civil procedure relating to the issuance of service and return of citation are mandatory; failure to strictly comply therewith will render invalid the service of process. *McKanna v. Edgar*, 388 S.W.2d 927, 929 (Tex.1965). Appellant argues, and correctly so, that the central issue for our determination is whether the names "Henry Bunting, Jr.," the person alleged in the original pleading as the registered agent for service, and "Henry Bunting," the person actually served, are separate and distinct, for writ of error review purposes.

 Early legal authorities concluded that "Jr." is not an essential addition to or a part of a name. *Dolton v. Cain*, 81 U.S. (14 Wall.) 472, 472 n., 20 L.Ed. 830 (1872); *Keene v. Meade*, 28 U.S. (3 Pet.) 1, 1 n., 7 L.Ed. 581 (1830). This rationale formed the basis of the decision in the sole Texas case cited by appellee, *Clark v. Groce*, 16 Tex. Civ.App. 453, 41 S.W. 668, 669 (Tex.Civ. App.1897, no writ), where the court disregarded the variance between the names of Jarard E. Groce, Jr. and Jarard E. Groce, saying: "The addition, 'Jr.,' is no part of the name." Furthermore, the addition or omission of the suffixes "Sr." or "Jr." is immaterial in civil and criminal proceedings. 40 TEX.JUR.2d *Names* § 10 (1959). Generally, if *the intended defendant* is sued under the wrong name, a judgment will be valid after service on the defendant under the misnomer, even though he has a name that is different. *Callan v. Bartlett Electric Cooperative*, 423 S.W.2d 149, 155 (Tex.Civ.App.—Austin 1968, writ ref'd n.r. e.). This rule does not apply, however, when another entirely distinct person from the one sued is served with process. *Nail v. Wichita Falls & Southern Railroad Co.*, 294 S.W.2d 431, 433 (Tex.Civ.App.— Fort Worth 1956, no writ); 44 TEX.JUR.2d *Parties* § 80 (1963). Therefore, Texas case law in effect provides that a misnomer of a

defendant does not render void a judgment based on personal service, *even one by default,* provided the intention to sue the defendant actually served with citation is so evident from the pleadings and process that the defendant could not have been misled. *Nail v. Gene Biddle Feed Co.,* 347 S.W.2d 830, 832 (Tex.Civ.App.—Beaumont 1961, no writ); 2 R. McDONALD, TEXAS CIVIL PRACTICE § 6.04.1 (1982). Most recently, in *Northwest Sign Co. v. Jack H. Brown & Co.,* 28 Tex.S.Ct.J. 110 (Nov. 21, 1984), where the defendant was sued under its assumed name of Signgraphics and service of process was obtained on the registered agent, Jack H. Brown, the supreme court held that the defendant had fair and adequate notice of the lawsuit. In effect, the supreme court approved service on the registered agent. In the instant case, it is obvious from the pleadings and the citation that appellee did not sue the wrong party. Appellant was personally served with citation and the misnomer, if any, is immaterial. He was not misled; he had fair and adequate notice. The first point of error is overruled.

Appellant's assertion, that the service of process was rendered invalid because the sheriff's return failed to recite that the deputy sheriff who served the citation was not "interested in the outcome of a suit," is without merit. TEX.R.CIV.P. 103 provides in pertinent part, viz:

> All process may be served by the sheriff or any constable of any county in which the party to be served is found, or, if by mail, either of the county in which the case is pending or of the county in which the party to be served is found; provided that no officer who is a party to or interested in the outcome of a suit shall serve any process therein....

The procedure for the service of citation is found in TEX.R.CIV.P. 106, providing in relevant part, viz:

> (a) Unless the citation or an order of the court otherwise directs, the citation shall be served by any officer authorized by Rule 103 by

> (1) delivering to the defendant, in person, a true copy of the citation with the date of delivery endorsed thereon with a copy of the petition attached thereto, or

> (2) mailing to the defendant by registered or certified mail, with delivery restricted to addressee only, return receipt requested, a true copy of the citation with a true copy of the petition attached thereto.

> (b) Upon motion supported by affidavit stating the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found and stating specifically the facts showing that service has been attempted under (a)(1) or (a)(2) at the location named in such affidavit but has not been successful, the court may authorize service

> (1) by an officer or by any disinterested adult named in the court's order....

We interpret the provision of Rule 103, *supra,* at issue, to be a designated disqualification and not a mandatory requirement and a failure to include it is not a defect that is apparent from the face of the record. *Cf. Texas Inspection Services, Inc. v. Melville,* 616 S.W.2d 253, 254 (Tex.Civ.App.—Houston [1st Dist.] 1981, no writ). Rule 103, entitled "Officer Who May Serve," specifically names the sheriff or any constable as the officer authorized to serve the process. Rule 106 directs that the citation shall be served by any officer authorized by Rule 103, unless the citation or an order of the court provides for alternative service or substituted service. Texas courts have recognized the rule that service of process within its territorial limits is effective to gain jurisdiction of the person of parties defendant. *Lawler v. Neathery,* 509 S.W.2d 453, 456 (Tex.Civ.App.—Amarillo 1974, no writ); *Oates v. Blackburn,* 430 S.W.2d 400, 403 (Tex.Civ.App.—Houston [14th Dist.] 1968, writ ref'd n.r.e.). In this case the record, including the citation and the sheriff's return, affirmatively shows strict compliance with all

necessary requisites for issuance, service and return of process. The citation was directed to appellant by serving its registered agent, Henry Bunting, at 137 West Nopal Street in Uvalde, Texas. TEX.R. CIV.P. 107 requires the return of citation to state when the citation was served and the manner of service, and to be signed by the officer executing the citation. The sheriff's return herein certifies that the citation was served October 7, 1981, *by delivering to Henry Bunting in person* a copy of the citation and a copy of the petition; it is signed by the deputy sheriff executing the service of process. Thus, we conclude that the failure of the citation to negate that the officer was "interested in the outcome of a suit" does not invalidate the service of process. The second point of error is overruled.

In its final point, appellant urges that the trial court erred in holding that the citations supported the default judgment because appellee used "from" instead of "after" in commanding appearance "20 days *from* the date of service." TEX.R.CIV.P. 101 mandates that:

> [t]he citation shall be styled "The State of Texas" and shall be directed to the defendant and shall command him to appear by filing a written answer to the plaintiff's petition at or before 10:00 a.m. of the Monday next after the expiration of 20 days *after* the date of service thereof.... (Emphasis ours)

However, Rule 101 does not require that the precise language of the rule be used, except in the "State of Texas" style. Moreover, the Rules of Civil Procedure are to be liberally construed. TEX.R.CIV.P. 1.

 "From" and "after" are synonymous when used in the context of a time computation, as in the citations complained of. *See, e.g., Home Insurance Co. v. Rose*, 152 Tex. 222, 255 S.W.2d 861, 862 (1953); *McGaughy v. City of Richardson*, 599 S.W.2d 113, 115 (Tex.Civ.App.—Dallas 1980, writ ref'd n.r.e.); *Pitcock v. Johns*, 326 S.W.2d 563, 565 (Tex.Civ.App.—Austin 1959, writ ref'd). Therefore, the use of "from" instead of "after" did not invalidate the citations. Appellant's third point of error is overruled.

The judgment of the trial court is affirmed.