Norberto **DE LA FUENTE**, Appellant,

v.

Raymond L. **CASTILLO**, Appellee.

No. 04–86–00597–CV.

Court of Appeals of Texas, San Antonio.

Nov. 12, 1987.

Dan A. Naranjo, San Antonio, for appellant.

John D. Wennermark, San Antonio, for appellee.

Before ESQUIVEL, REEVES and DIAL, JJ.

## OPINION

ESQUIVEL, Justice.

This is an appeal by writ of error from a default judgment.

Appellant brought suit alleging that a promissory note he executed as the promissor was usurious. Appellee's petition named "Roberto De La Fuente" as the defendant. The promissory note, attached to the petition and incorporated by reference, concerns appellee and appellant, Norberto De La Fuente. Citation was issued to "Roberto De La Fuente." The return shows delivery to "Roberto De La Fuente." The trial court entered a default judgment against "Roberto De La Fuente." The parties on appeal are in agreement that the action should properly be between appellee and appellant, Norberto De La Fuente.

Although appellant raises two points of error on appeal, we find it necessary to only consider his point of error alleging that the mistake in stating appellant's name in the citation makes the citation fatally defective and the resulting default judgment void. We agree.

When a default judgment is attacked directly by writ of error to the court of appeals, it is essential that strict compliance with the Texas Rules of Civil Procedure regarding the issuance of citation, the manner and mode of service, and the return of process be shown on the face of the record. *McKanna v. Edgar*, 388 S.W.2d 927, 928–29 (Tex.1965). Failure to affirmatively show on the face of the record a strict compliance with the Rules of Civil Procedure renders the attempted service of process invalid and of no effect. *Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884, 885 (Tex.1985). There are no presumptions in favor of valid issuance, service, and return of citation in the face of a writ of error attack on a default judgment. *Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d at 885.

Appellee contends that appellant's name was only misspelled, and appellant was not misled by the misspelling. Appellee alleges that appellant was the person whom appellee wanted to serve and sue, and appellant knew it when he saw the petition. Appellee also points out that the promissory note attached to the petition has appellant's name correctly spelled.

Appellee relies on the following:

A misnomer of a defendant does not render a judgment based on personal service, even one by default, void, provided the intention to sue the defendant actually served with citation is so evident from the pleadings and process that the defendant could not have been misled.

2 R. McDONALD, TEXAS CIVIL PRACTICE § 6.04.1 (1982). Appellant's reliance is misplaced.[1]

The issue in this case is whether the record shows strict compliance with the Rules of Civil Procedure relating to the issuance, service, and return of citation. Whether or not appellant was misled is irrelevant in determining the outcome of this appeal. The statement from R. McDONALD has no bearing in this appeal from a default judgment by writ of error.

In *Uvalde Country Club v. Martin Linen Supply Co.*, 685 S.W.2d 375 (Tex.App.—San Antonio 1984), *rev'd*, 690 S.W.2d 884 (Tex.1985), a petition named "Henry Bunting, Jr." as a registered agent for appel-

---

1. This Court recently cited to 2 R. McDONALD § 6.04.1 in a published opinion. *Cockrell v. Estevez*, 737 S.W.2d 138 (Tex.App.—San Antonio, 1987, no writ). In *Cockrell*, however, this Court held, on the basis of *idem sonans*, that service of process on "Cockrell" was valid even though the petition and citation were for "Cockrall." *Idem sonans* has no application in the instant cause where the names are "Roberto" and "Norberto."

lant. Citation was issued to "Henry Bunting" and the sheriff's return showed service on "Henry Bunting." In a direct appeal by writ of error from a default judgment, this court affirmed and held that since appellant was personally served, appellant was not misled by the misnomer. *Uvalde Country Club v. Martin Linen Supply Co.*, 685 S.W.2d at 378 (citing R. McDONALD, TEXAS CIVIL PRACTICE § 6.04.1). Our Supreme Court reversed this court. In a per curiam opinion, the Court did not allude to the fact that appellant was personally served or that appellant was not misled. The Court held that *the record* did not show that the person served with citation, "Henry Bunting," was authorized to receive service or that he was connected with appellant. *Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884 (Tex.1985) (noting that our opinion conflicted with *Faver v. Robinson*, 46 Tex. 204 (1876)).

In *Faver*, suit was brought against "John R. Favers" based on a promissory note, attached as an exhibit to the petition. The note was signed by "John R. Faver." Citation was issued to "Favers," and the sheriff's return showed service upon "Favers." Judgment was rendered against "Faver." The Court set aside the default judgment.

Here, *the record* shows a petition naming "Roberto De La Fuente" and citation issued to "Roberto." Although judgment was entered against "Roberto," it is undisputed that this suit and judgment was intended to be against appellant, Norberto De La Fuente. We hold that the citation and service, as reflected in the record, does not support a default judgment against appellant, Norberto De La Fuente on appeal by writ of error. *See* TEX.R.CIV.P. 101, 106, 107.

The judgment of the trial court is reversed, and this cause is remanded.