UVALDE COUNTRY CLUB, Petitioner,

v.

MARTIN LINEN SUPPLY COMPANY, INC., Respondent.

No. C–3920.

Supreme Court of Texas.

May 22, 1985.

Rehearing Denied June 26, 1985.

Clemens, Spencer, Welmaker & Finck, George H. Spencer, Jr., San Antonio, for petitioner.

Cox & Smith, R. Laurance Macon, San Antonio, for respondent.

PER CURIAM.

The question here is whether service of citation was proper in the face of a writ of error attack on a default judgment. The plaintiff's original petition alleged that the defendant, Uvalde Country Club, could be served by serving its registered agent, Henry Bunting, Jr., 137 West Nopal Street, in Uvalde, Uvalde County, Texas. The citation was directed to Uvalde Country Club, by serving its registered agent, "Henry Bunting." The sheriff's return on this citation showed delivery to "Henry Bunting." Uvalde Country Club failed to answer, and the trial court rendered a default judgment in favor of Martin Linen Supply Company, Inc. Uvalde Country Club brought writ of error to the court of appeals within six months of the default judgment. In affirming the trial court judgment, the court of appeals held that the lack of "Jr." was immaterial because it did not constitute any part of the name of the registered agent. 685 S.W.2d 375. We reverse the judgment of the court of appeals and remand the cause to the trial court.

The court of appeals holding conflicts with our holdings in *Hendon v. Pugh*, 46 Tex. 211, 212 (1876) and *Faver v. Robinson*, 46 Tex. 204 (1876). In *Hendon*, we remanded a default judgment because the return reflected that it was served on J.N. Hendon, not the named defendant, J.W.

Hendon. In *Faver*, we remanded a default judgment against John R. Faver because the citation was addressed and served on John R. Favers. There are no presumptions in favor of valid issuance, service, and return of citation in the face of a writ of error attack on a default judgment. *McKanna v. Edgar*, 388 S.W.2d 927, 929 (Tex.1965). Moreover, failure to affirmatively show strict compliance with the Rules of Civil Procedure renders the attempted service of process invalid and of no effect. *McKanna*, 388 S.W.2d at 929.

■ The record does not show that the person served with citation, "Henry Bunting," was authorized to receive service or that he was connected with the appellant. Rather, the petition alleges that the registered agent is "Henry Bunting, Jr." Thus, the record in this case does not reflect strict compliance with the rules of civil procedure relating to the issuance, service, and return of citation. *See, e.g.*, Tex. R.Civ.P. 101, 106, and 107. In view of our holding we need not discuss the other points of error.

Pursuant to Tex.R.Civ.P. 483, without hearing oral argument, we reverse the judgment of the court of appeals and remand the cause to the trial court.