IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-90-198-CV





GENE BRANSCOME AND SUNCHASE JOINT VENTURE,



 APPELLANTS


vs.





COLLECTING BANK, N.A.,



 APPELLEE


 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT



NO. 479,673, HONORABLE WILL WILSON, JUDGE



 





PER CURIAM



 Appellants Gene Branscome and Sunchase Joint Venture
(Sunchase) seek review by petition for writ of error of a default
judgment rendered by the district court of Travis County in favor
of appellee Collecting Bank, N.A. We will reverse the judgment and
remand the cause.

 In their first point of error, appellants contend that
the district court erred in rendering the default judgment because
the service and return of citation was fatally defective. 
Appellants argue that the record does not reflect that the
issuance, service and return of citation complied with the
applicable law.

 On February 21, 1990, the Bank filed suit against
appellants and Richard C. Lindemann, Inc. (1) to recover amounts due
on two promissory notes. In the Bank's original petition, citation
was directed to Gene Branscome, individually and as a joint
venturer in Sunchase, at 4721 Garth, Baytown, Texas 77520. When
neither Branscome nor Sunchase was able to be served, the Bank
filed a motion for substituted service, Tex. R. Civ. P. Ann. 106(b)
(Supp. 1991), (2) alleging that service on "Gene Branscombe" was
unsuccessful and that "Branscombe" could be served by leaving
copies of the citation and petition with anyone over the age of
sixteen or by attaching the copies to the door of his usual place
of business. The motion was supported by the affidavit of the
deputy constable who had attempted service. The trial court then
entered its order providing for service on "Gene Branscombe" by
leaving a copy of the citation and petition with a person over the
age of sixteen at 4721 Garth, Baytown, Texas 77520, his usual place
of business or by attaching the copies to the door of his usual
place of business. Neither the motion nor the order specifically
referred to service of citation on Sunchase.

 Citations for both appellants were then issued and
directed to "Gene Branscome." The returns of citation show service
on a person over the age of sixteen at the address given in the
district court order. When neither appellant answered, the
district court, on May 22, 1990, rendered judgment that the Bank,
recover from appellants, the amount of $669,127.68 on the notes;
attorney's fees in the amount of $2,500.00; interest and costs. 
See Tex. R. Civ. P. Ann. 239 (1976).

 If a default judgment is attacked directly by writ of
error, the record must show strict compliance with the rules
regarding service of citation, manner of service, and return of
process. McKanna v. Edgar, 388 S.W.2d 927 (Tex. 1965). There are
no presumptions in favor of valid issuance, service and return of
citation in the face of a writ of error attack on a default
judgment. Uvalde Country Club v. Martin Linen Supply Co., Inc.,
690 S.W.2d 884 (Tex. 1985); McKanna, 388 S.W.2d at 929. Failure to
show such compliance on the face of the record renders the
attempted service of process invalid. Uvalde Country Club, 690
S.W.2d at 885; McKanna, 388 S.W.2d at 929-30.

 In the instant cause, the trial court order provided for 
substituted service on "Gene Branscombe." The proper defendants,
"Gene Branscome" and Sunchase, were actually served but neither was
authorized to receive service by leaving a copy of the citation and
petition with a person over the age of sixteen. Accordingly, the
record does not reflect strict compliance with Rule 106(b). See
Uvalde Country Club, 690 S.W.2d at 885.

 The Bank responds that, because the addition of the
single letter to Branscome's name does not change its pronunciation
or mislead Branscome, the doctrine of idem sonans applies. 
Cockrell v. Estevez, 737 S.W.2d 138 (Tex. App. 1987, no writ). 
When an intended defendant is sued under an incorrect name,
jurisdiction is proper, after service on the defendant under the
misnomer, if it is clear that no one was misled. Orange Grove Ind.
School District v. Rivera, 679 S.W.2d 482, 483 (Tex. 1984); Baker
v. Charles, 746 S.W.2d 854, 855 (Tex. App. 1988, no writ). The
issue here, however, is not whether appellants were misled but
whether the record shows strict compliance with the rules relating
to the issuance, service and return of citation. See De La Fuente
v. Castillo, 740 S.W.2d 113, 114 (Tex. App. 1987, no writ);
Cockrell, 737 S.W.2d at 139-40 (appellant claimed only that the
improper spelling of his name voided the citation).

 Accordingly, the supreme court opinion in Wilson v. Dunn,
800 S.W.2d 833 (Tex. 1990), controls the disposition of this cause. 
In Wilson, the district court authorized substitute service on the
defendant without an affidavit or other evidence as Rule 106(b)
requires. The defendant received the citation and plaintiff's
petition but did not answer. The plaintiff acknowledged that
service on defendant was defective but argued that the default
judgment should stand because the defendant received service and
knew of the pendency of the suit. The court disagreed and held
that "a default judgment is improper against a defendant who has
not been served in strict compliance with law, even if he has
actual knowledge of the lawsuit." Id. at 837.

 The record here does not show that the person who
received service, Gene Branscome, was the person authorized to
receive service in the order of substituted service. Because
appellants were not served in strict compliance with Rule 106(b),
we sustain appellants' first point of error. Id.; Uvalde Country
Club, 690 S.W.2d at 885. We need not address appellants' remaining
arguments.

 The judgment of the district court is reversed and the
cause remanded for a new trial.

[Before Chief Justice Carroll, Justices Jones and B. A. Smith]

Reversed and Remanded

Filed: June __, 1991

[Do Not Publish]
1. Richard C. Lindemann, Inc. was never served with citation
and, so, was not a party in the trial court and is not before this
Court.
2. Rule 106(b) provides:


 Upon motion supported by affidavit stating the
location of the defendant's usual place of
business or usual place of abode or other
place where the defendant can probably be
found and stating specifically the facts
showing that service has been attempted under
either (a)(1) or (a)(2) at the location named
in such affidavit but has not been successful,
the court may authorize service


 (1) by leaving a true copy of the citation,
with a copy of the petition attached, with
anyone over sixteen years of age at the
location specified in such affidavit, or


 (2) in any other manner that the affidavit or
other evidence before the court shows will be
reasonably effective to give the defendant
notice of the suit.