Advantage v. Daily 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-91-485-CV






ADVANTAGE HOUSING CORPORATION d/b/a MOBILE HOME


CLEARANCE CENTER,



 APPELLANT 


vs.





ROXIE DAILY,



 APPELLEE



 




FROM THE DISTRICT COURT OF COMAL COUNTY, 274TH JUDICIAL DISTRICT



NO. C90-668C, HONORABLE J. ALBERT PRUETT, JR., JUDGE PRESIDING 



 




 Advantage Housing Corporation d/b/a Mobile Home Clearance Center
("Advantage") appeals by writ of error the default judgment taken against it by Roxie Daily. The
trial court awarded Ms. Daily judgment for conversion, fraud, violation of the Texas Consumer
Credit Code, violation of the Texas Manufactured Housing Standards Act, violation of the
Deceptive Trade Practices Act, negligence and gross negligence. In nine points of error,
Advantage challenges the constitutionality of the substituted service provision of the Texas
Manufactured Housing Standards Act; challenges the trial court's personal jurisdiction based on
Daily's alleged noncompliance with the statutory service provision; complains that the trial court
abused its discretion in denying the motion for new trial; and challenges the trial court's award
of damages as excessive and duplicative. We agree that Daily did not strictly comply with the
service provision of the Texas Manufactured Housing Standards Act. Accordingly, we reverse
the judgment and remand the cause.

 The Texas Manufactured Housing Standards Act, Tex. Rev. Civ. Stat. Ann. art.
5221f, § 7(b) (West Supp. 1992), requires retailers of manufactured housing in Texas to obtain
a certificate of registration. The Texas Department of Labor and Standards (now the Department
of Licensing and Regulation) may not issue such a certificate unless the applicant files with the
Department a surety bond or other security and a written irrevocable designation of the
Department's Commissioner as agent for service of legal process. Id. at § 13(a) (West Supp.
1992). Daily claims that she strictly complied with the substituted service provision in section
13(g) of the Act. The citation which Daily had served was addressed to "Advantage Housing
Corporation upon whom process of service may be had by serving Larry Costa." The return of
service indicates that the citation was served on "Advantage Housing Corporation by delivering
to Larry Costa, Commissioner, Texas Dept of Licensing and Regulations." The judgment recites
that the defendant was properly served "by serving Larry Coste, Commissioner of Texas
Department of Licensing and Regulations." In fact, the Commissioner's name is Larry E. Kosta. 
The Commissioner forwarded the citation to an address contained in Advantage's file that was no
longer correct. Advantage did not receive notice of the suit until after default judgment was taken
in excess of $500,000.

 A default judgment cannot withstand direct attack by a defendant who proves that
he was not served in strict compliance with the applicable requirements. Wilson v. Dunn, 800
S.W.2d 833, 836 (Tex. 1990); McKanna v. Edgar, 388 S.W.2d 927, 929 (Tex. 1965). Virtually
any deviation may be sufficient to set aside a default judgment on appeal by writ of error. Becker
v. Russell, 765 S.W.2d 899, 900 (Tex. App.--Austin 1989, no writ). There are no presumptions
in favor of valid issuance, service, and return of citation in the face of a writ of error attack on
a default judgment. Uvalde Country Club v. Martin Linen Supply Co., Inc., 690 S.W.2d 884, 885
(Tex. 1985). Failure to show strict compliance on the face of the record renders the attempted
service of process invalid. Id.; McKanna, 388 S.W.2d at 929-30. A default judgment is
improper against a defendant who has not been served in strict compliance with law, even if he
has actual knowledge of the suit. Wilson, 800 S.W.2d at 837. Where the defendant had no notice
of the suit until after default was taken, as here, the situation is particularly offensive to common
notions of due process and justice.

 A mistake in stating the defendant's name in the citation consistently has been held
to be fatally defective. Uvalde Country Club, 690 S.W.2d at 885 (defendant's agent for service,
Henry Bunting, Jr.; service on Henry Bunting); Hendon v. Pugh, 46 Tex. 211, 212 (1876) (named
defendant, J.W. Hendon; service on J.N. Hendon); De La Fuente v. Castillo, 740 S.W.2d 113
(Tex. App.--San Antonio 1987, no writ) (defendant, Norberto De La Fuente; citation to Roberto
De La Fuente). 

 Cases to the contrary that uphold service despite defects in the defendant's name
as listed in the citation rely on the defendant's receipt of actual notice of the suit in each case. 
See, e.g., Baker v. Charles, 746 S.W.2d 854, 855 (Tex. App.--Corpus Christi 1988, no writ)
(citation, pleadings, and judgment refer to Holly Baker; intended defendant Holley Farlane Baker
II); Cockrell v. Estevez, 737 S.W.2d 138, 140 (Tex. App.--San Antonio 1987, no writ) (defendant
Everett Cockrell; citation on Cockrall); Payne & Keller Co. v. Word, 732 S.W.2d 38, 41 (Tex.
App.--Houston [14th Dist.] 1987, writ ref'd n.r.e.) (citation to defendant's agent Philippe
Petitfrere; officer's return shows delivery to Philipee Petitfreere, defendant). The Texas Supreme
Court has recently reaffirmed, however, that "a default judgment is improper against a defendant
who has not been served in strict compliance with [the] law, even if he has actual knowledge of
the lawsuit." Wilson, 800 S.W.2d at 837.

 In that case, the plaintiff failed to comply with the affidavit requirement of Rule
106(b) of the Texas Rules of Civil Procedure. Wilson, 800 S.W.2d at 833-34. Even though the
defendant received the citation which had been left inside his apartment as authorized by the trial
court, the Supreme Court held that actual receipt does not constitute proper service. Id. at 837. 
Service was improper because the plaintiff's motion for substituted service was not verified or
supported by affidavit or other evidence. Id. at 834. Of course, even if actual notice were a
relevant factor, in the case before us Advantage received no such information.

 In addition to reflecting a defect in the agent's name, the trial court record does not
show that Daily complied with the Manufactured Housing Standards Act's requirement to give
notice by certified mail of the filing of a private lawsuit against a retailer to both the Attorney
General and the retailer's surety company. Art. 5221f § 13(g) (West Supp. 1992). Although the
record contains a copy of a letter addressed to both the Attorney General and Foremost Insurance
Co. (Advantage's surety), the record does not include certified mail return receipts that would
demonstrate that the letters were actually mailed. Strict compliance with the law is necessary to
support a default judgment. Wilson, 800 S.W.2d at 837. Receipt of a separate Deceptive Trade
Practices Act (DTPA) demand letter by the surety does not meet the statutory requirement for
claims under the Manufactured Housing Standards Act.

 As we sustain Advantage's point of error dealing with defective service, we do not
reach the remainder of its complaints. The default judgment is reversed and the case is remanded
for a new trial.



 

 Marilyn Aboussie, Justice

[Before Justices Powers, Aboussie and B. A. Smith]

Reversed and Remanded

Filed: October 7, 1992

[Do Not Publish]