IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-336-CV





MICHAEL WANECK,



 APPELLANT


vs.





LOU WANECK,



 APPELLEE


 




FROM THE COUNTY COURT AT LAW OF BASTROP COUNTY,



NO. 89-1087-CCL, HONORABLE ROBERT E. RAESZ, JUDGE PRESIDING



 





PER CURIAM



 Appellant Michael Waneck seeks review by petition for writ of error of an order
on motion to modify in suit affecting the parent-child relationship rendered by the county court
at law of Bastrop County on December 31, 1991. Appellee Lou Waneck has filed a motion to
dismiss the appeal and to remand the cause to the trial court. We will overrule the motion,
reverse the order of the trial court, and remand the cause.

 Pursuant to a final decree of divorce rendered by the county court at law of Bastrop
County in November 1989, appellant was required to pay appellee the amount of $347.00 per
month for the support of their three children. On August 19, 1991, appellee filed her motion to
modify in suit affecting the parent-child relationship seeking an increase in the amount of child
support. See Tex. Fam. Code Ann. §§ 14.056,.08 (West 1986 & Supp. 1993). Appellant neither
answered nor appeared at the hearing on December 12, 1991. On December 31, 1991, the trial
court issued its order increasing the amount of support appellant was to pay to $947.60 per month,
beginning September 1, 1991.

 In three points of error, appellant complains that the trial court erred in rendering
the order by default because the service of citation was defective. In her motion to dismiss,
appellee concedes that the service of citation was defective.

 If a party directly attacks a default judgment by petition for writ of error, the record
must show strict compliance with the rules regarding service of citation, manner of service, and
return of process. Wilson v. Dunn, 800 S.W.2d 833, 836 (Tex. 1990); McKanna v. Edgar, 388
S.W.2d 927, 929 (Tex. 1965). Failure to show such compliance on the face of the record renders
the attempted service of process invalid. Wilson, 800 S.W.2d at 836; Uvalde Country Club v.
Martin Linen Supply Co., Inc., 690 S.W.2d 884, 885 (Tex. 1985).

 The record shows that appellee attempted service on appellant, who worked in
Saudi Arabia, by having citation mailed (1) to:



ATTN: IND. RELATIONS

 MIKE WANECK

C/O SAUDI ARABIA OIL CO.

C/O ASC

9009 WEST LOOP SOUTH

HOUSTON, TX. 77096.



See Tex. R. Civ. P. 106(a)(2); see also Tex. Fam. Code Ann. § 14.08(b) (West 1986); Tex. R.
Civ. P. 108a. The return receipt shows delivery to "Roy Thompson" at the above address on
September 11, 1991. The record does not show service on appellant and, therefore, does not
show compliance with Rule 106. Accordingly, we sustain appellant's first point of error and need
not address points two and three.

 Appellee's motion to dismiss the appeal is overruled. We reverse the order of the trial
court on motion to modify in suit affecting the parent-child relationship and remand the cause to
the trial court for further proceedings.


[Before Chief Justice Carroll, Justices Jones and Kidd]

Reversed and Remanded

Filed: January 13, 1992

[Do Not Publish]
1.   This was the second attempt at service of citation. The district clerk sent the first to
"Mike Waneck c/o Saudi Arabia Oil Co. c/o ASC" at the Houston address. The company
returned the citation with a notation that it was unable to forward.