Reversed and Remanded and Memorandum Opinion filed April 1, 2004









Reversed and Remanded and Memorandum Opinion filed
April 1, 2004.

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00531-CV

____________

 

STEVEN NELSON, Appellant

 

V.

 

COMMISSION FOR
LAWYER DISCIPLINE, Appellee

 



 

On Appeal from the 400th
District Court

Fort Bend County, Texas

Trial Court Cause No. 02-CV-125218

 



 

M E M O R A N D U M   O P I N I O N

This case involves defective substituted
service and the rendering of a default judgment.  In two issues, appellant Steven Nelson claims
the trial court erred in (1) granting a motion for substituted service sought by
appellee Commission for Lawyer Discipline (the ACommission@) and (2) failing
to grant Nelson a hearing on his unopposed motion for a new trial.  We reverse the trial court=s judgment and
remand the case for a new trial.








On July 22, 2002, the Commission initiated
a disciplinary action against Nelson. 
The Commission later filed a motion for substituted service, which was
granted by the trial court.  In her
affidavit supporting the motion, counsel for the Commission stated that service
in person and by certified mail had been attempted at Nelson=s residence.  When Nelson did not file an answer, the
Commission moved for a default judgment. 
The trial court granted an interlocutory order of default on December
31, 2002, and set a separate hearing on sanctions in February of 2003.  On January 31, 2003, Nelson filed a general
denial.  He attended the hearing on
sanctions and sought a motion for continuance. 
The trial court denied the motion for continuance, and after taking evidence,
entered a judgment of disbarment.  Nelson
filed an unopposed motion for new trial and requested an evidentiary hearing on
the motion. 

In his first issue, Nelson argues service
was invalid because (1) the Commission had not made attempts to serve him
before it sought substituted service and (2) the Commission did not comply with
instructions in the trial court=s order for
substituted service.  The Commission
acknowledges that the unsuccessful attempts at service listed in the affidavit
attached to its motion for substituted service were attempts made in a
different disciplinary action against Nelson and were not attempts at service
made in this case.  The Commission agrees
with appellant that the trial court=s judgment should
be reversed.

AFor well over a
century, [the Texas Supreme Court] has required that strict compliance with the
rules for service of citation affirmatively appear on the record in order for a
default judgment to withstand direct attack.@  Primate Constr., Inc. v. Silver, 884
S.W.2d 151, 152 (Tex. 1994).  There are
no presumptions in favor of valid issuance, service, and return of citation in
the face of a direct attack on a default judgment.  Id. 
AMoreover, failure
to affirmatively show strict compliance with the Rules of Civil Procedure
renders the attempted service of process invalid and of no effect.@  Uvalde Country Club v. Martin Linen Supply
Co., 690 S.W.2d 884, 885 (Tex. 1985). 
The Texas Rules of Civil Procedure provide alternatives to service of
process by mail or in‑person delivery when the serving party meets the
requirements set forth in the rule. 








Upon motion supported by affidavit
stating the location of the defendant=s usual place of business or usual place of abode or other
place where the defendant can probably be found and stating specifically the
facts showing that service has been attempted under either (a)(1)
[in‑person service] or (a)(2) [service by registered or certified mail]
at the location named in such affidavit but has not been successful, the court
may authorize service 

(1) by leaving a true copy of the
citation, with a copy of the petition attached, with anyone over sixteen years
of age at the location specified in such affidavit, or 

(2) in any other manner that the
affidavit or other evidence before the court shows will be reasonably effective
to give the defendant notice of the suit. 

 

Tex. R. Civ. P. 106(b) (emphasis
added).  Because the Commission did not
attempt to serve Nelson either in person or by certified mail before seeking
substituted service, proper service is not affirmatively shown by the
record.  Accordingly, we sustain Nelson=s first
issue.  Having concluded that the default
judgment against Nelson was improper, we need not address his second
issue.  We reverse the judgment of the
trial court, and remand this case to the trial court for a new trial.

 

 

 

 

/s/      Leslie Brock Yates

Justice

 

 

Judgment
rendered and Memorandum Opinion filed April 1, 2004.

Panel
consists of Justices Yates, Anderson, and Hudson.