NO. 07-06-0298-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



OCTOBER 25, 2006


______________________________



PARADISE VILLAGE, INC., APPELLANT



V.



FINOVA CAPITAL CORPORATION, APPELLEE


_________________________________



FROM THE 341ST DISTRICT COURT OF WEBB COUNTY;



NO. 2005CVQ001130D3; HONORABLE ELMA TERESA SALINA ENDER, JUDGE


_______________________________




Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 Appellant Paradise Village, Inc. brings this restricted appeal from a default judgment
entered in favor of appellee Finova Capital Corporation. 

 On August 14, 2006, appellant filed its brief on appeal. In its brief, appellant argued,
among other things, that the trial court erred in granting a default judgment against
appellant because the court lacked jurisdiction. Specifically, appellant referred this court
to Benefit Planners, L.L.P. v. RenCare, Ltd., 81 S.W.3d 855 (Tex.App.-San Antonio 2002,
pet. denied) in support of its argument that the judgment of the trial court was void because
the return of citation did not establish that (1) the person served was in fact the
corporation's agent for service and (2) the corporate defendant was served.

 On September 15, 2006, appellee filed a "motion to reverse default judgment and
remand," in which appellee noted, "[a]fter review of Appellant's brief and supporting case
law, Appellant has correctly cited the case law and statutory law as it relates to service of
process and the default judgment. Service of process as obtained by Appellee in the trial
court was, if not void, voidable." After reviewing the record, we agree the judgment must
be reversed. See Uvalde Country Club v. Martin Linen Supply Company, Inc., 690 S.W.2d
884, 885 (Tex. 1985) (per curiam); Benefit Planners, 81 S.W.3d at 858-59 (and cases cited
therein) (noting there are no presumptions in favor of valid issuance, service, and return
of citation in the face of a direct attack on a default judgment). 

 We reverse the trial court's judgment and remand the cause to the trial court for
further proceedings. TEX. R. APP. P. 43.2(d). Appellee's motion to reverse default
judgment and remand is dismissed as moot.


 James T. Campbell

 Justice





dismissed for want of jurisdiction.


 Don H. Reavis

 Justice

Do not publish.