NO. 07-06-0298-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 25, 2006

______________________________

PARADISE VILLAGE, INC., APPELLANT

V.

FINOVA CAPITAL CORPORATION, APPELLEE

_________________________________

FROM THE 341
ST
 DISTRICT COURT OF WEBB COUNTY;

NO. 2005CVQ001130D3; HONORABLE ELMA TERESA SALINA ENDER, JUDGE

_______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION

Appellant Paradise Village, Inc. brings this restricted appeal from a default judgment entered in favor of appellee Finova Capital Corporation.  

On August 14, 2006, appellant filed its brief on appeal.  In its brief, appellant argued, among other things, that the trial court erred in granting a default judgment against appellant because the court lacked jurisdiction.  Specifically, appellant referred this court to
 Benefit Planners, L.L.P. v. RenCare, Ltd.
, 81 S.W.3d 855 (Tex.App.–San Antonio 2002, pet. denied) in support of its argument that the judgment of the trial court was void because the return of citation did not establish that (1) the person served was in fact the corporation’s agent for service and (2) the corporate defendant was served.

On September 15, 2006, appellee filed a “motion to reverse default judgment and remand,” in which appellee noted, “[a]fter review of Appellant’s brief and supporting case law, Appellant has correctly cited the case law and statutory law as it relates to service of process and the default judgment.  Service of process as obtained by Appellee in the trial court was, if not void, voidable.”  After reviewing the record, we agree the judgment must be reversed.  
See Uvalde Country Club v. Martin Linen Supply Company, Inc
., 690 S.W.2d 884, 885 (Tex. 1985) (per curiam);
 Benefit Planners
, 81 S.W.3d at 858-59 (and cases cited therein) (noting there are no presumptions in favor of valid issuance, service, and return of citation in the face of a direct attack on a default judgment).  

We reverse the trial court’s judgment and remand the cause to the trial court for further proceedings.  T
EX
. R. A
PP
. P. 43.2(d).  Appellee’s motion to reverse default judgment and remand is dismissed as moot.

James T. Campbell

         Justice