In The



Court of Appeals



Ninth District of Texas at Beaumont



 ______________________ 


 

NO. 09-06-335 CV


______________________


 


MALCOLM WESTBROOK, JERROLD D. WEST BROOK,


CAROL ANN WESTBROOK CURTIS, DONALD RAY WESTBROOK,


CONNIE SUE WESTBROOK, WANDA WESTBROOK PRUITT,


VIRGILE STIGFIELD, JULIE HADNOT, SHAWN HADNOT


AND DORIAN HADNOT, Appellants



V.



ERNEST WESTBROOK
, Appellee






On Appeal from the 1st District Court


Jasper County, Texas


Trial Cause No. 26673






MEMORANDUM OPINION


 This is an appeal from a default judgment entered in favor of Ernest Westbrook. (1) 
Appellants argue they were not served with citation. We agree. We reverse the default
judgment and remand the cause to the trial court for further proceedings.

 Ernest Westbrook owns an undivided interest in certain real property located in Jasper
County, Texas. On July 20, 2005, he filed a forced sale of property suit against the heirs of
David Crockett, whom he alleged owned undivided interests in the same property. See Tex.
Prop. Code Ann. § 29.002 (Vernon Supp. 2006). Ernest filed a petition to remove cloud
from and to quiet title to real property, and sought a declaratory judgment that he owned the
land by adverse possession. The only named defendant was Malcolm Westbrook. The
sufficiency of the citation served on Malcolm is not at issue in this appeal. (2) With the
petition, Ernest also filed a copy of a notice to the heirs of David Crockett published in
March and April 2005 in The Jasper Newsboy in an attempt to comply with section 29.0035
of the Property Code. See Tex. Prop. Code Ann. § 29.0035 (Vernon Supp. 2006). In a
forced sale suit brought against unknown defendants, a petitioner must publish a demand for
reimbursement of ad valorem taxes prior to filing the petition. See id. In the publication,
Ernest claimed to have paid the ad valorem taxes on the property for over five years; he
requested that any heirs claiming an undivided interest in the property come forward to prove
their heirship; and he sought reimbursement for the taxes he paid on the unknown
defendants' undivided interests. 

 Shortly after the petition was filed, the trial court held a default judgment hearing and
signed a judgment in favor of Ernest Westbrook. The judgment declared that Ernest obtained
title to the property by adverse possession. The court ordered all defendants in the action to
execute any documents necessary to clear the cloud on the title of the property and enjoined
them from interfering with Ernest's title, use, and possession of the property. 

 Malcolm filed an answer to the petition before the default judgment was signed. The
trial court entered an order that vacated the default judgment as to Malcolm. Approximately
seven months after the default judgment, appellants filed a motion to set aside the judgment
entirely. They claimed they had not been served with citation. The trial court denied
appellants' motion. 

 The trial court severed Ernest's causes of action against Malcolm from the causes of
action against the unknown heirs of David Crockett. The appellate timetable began to run
when the severance was entered. See Farmer v. Ben E. Keith Co., 907 S.W.2d 495, 496
(Tex. 1995). Although appellants filed the notice of appeal prematurely, we treat the notice
as filed on the day the severance order was signed. See Tex. R. App. P. 27.1(a). 
Accordingly, appellants have properly perfected appeal by filing their notice within thirty
days after a final judgment was signed. See Tex. R. App. P. 26.1. 

 Service of citation must strictly comply with the Rules of Civil Procedure to support
a default judgment. Wilson v. Dunn, 800 S.W.2d 833, 836 (Tex. 1990); Uvalde Country
Club v. Martin Linen Supply Co., 690 S.W.2d 884, 885 (Tex.1985). A citation and valid
return must appear among the papers in the record. Webb v. Oberkampf Supply of Lubbock,
Inc., 831 S.W.2d 61, 64 (Tex. App.--Amarillo 1992, no writ). If strict compliance is not
shown, the service of process is invalid and of no effect. Uvalde Country Club, 690 S.W.2d
at 885. We make no presumptions of valid issuance, service, or return of citation when
examining a default judgment. Id. 

 Service of citation by publication in actions against unknown owners of interests in
land must comply with certain requirements provided in the Texas Rules of Civil Procedure. 
A plaintiff must file with the clerk of court an affidavit stating "the name of the grantee as
set out in the conveyance constituting source of title of defendants," and that plaintiff does
not know the names of any persons claiming title or interest under the conveyance other than
as stated in plaintiff's petition. Tex. R. Civ. P. 113. The citation shall contain the names of
the parties, a brief statement of the nature of the suit, a description of any property involved
and of the interest of the named or unknown defendant or defendants, and where the suit
involves land, the requisites of Rule 115. Tex. R. Civ. P. 114, see also Tex. R. Civ. P. 115. 
The citation shall briefly state the claim by stating the kind of suit, the number of acres of
land involved in the suit, or the number of the lot and block, "or any other plat description
that may be of record if the land is situated in a city or town, the survey on which and the
county in which the land is situated, and any special pleas which are relied upon in such
suit." Tex. R. Civ. P. 115. When issued, the citation shall be served by the sheriff or any
constable of any county or by the clerk of court in which the case is pending by having the
citation published in a newspaper in the county where the land is located once each week for
four consecutive weeks. Tex. R. Civ. P. 116. The first publication must be at least twenty-eight days before the return day of the citation. Id. "The return of the officer executing such
citation shall be indorsed or attached to the same, and show how and when the citation was
executed, specifying the dates of such publication, be signed by him officially and shall be
accompanied by a printed copy of such publication." Tex. R. Civ. P. 117.

 In this case, there is no indication in the record of any service by publication or
otherwise on the appellants other than Malcolm Westbrook. Ernest did not file with the clerk
of court an affidavit complying with Rule 113. See Tex. R. Civ. P. 113. The demand notice
included with the original petition does not refer to the lawsuit because no pleading had been
filed at the time of that publication. Section 29.0035 of the Property Code requires that the
final demand notice by publication occur "not later than the 30th day before the date on
which the petition is filed." Tex. Prop. Code Ann. § 29.0035. Publication of the demand
notice to unknown defendants required by section 29.0035 is a requirement that must be met
before the petition is filed. See id. §§ 29.003(2), 29.0035. 

 There is nothing in the record to indicate that service of citation was made on any of
the appellants other than Malcolm. Therefore, the default judgment is not supported by
service of process. See Mapco, Inc. v. Carter, 817 S.W.2d 686, 687 (Tex. 1991) ("In no case
shall judgment be rendered against any defendant unless upon service, or acceptance or
waiver of process, or upon an appearance."). 

 Ernest argues that the notice of appeal was not timely filed because it was filed
approximately one year after the default judgment was signed. He contends that because the
trial court set aside the default judgment only as to Malcolm, the case against Malcolm was
essentially severed from the suit against the remaining defendants. Accordingly, Ernest
argues, the default judgment was final when originally entered. By vacating the default
judgment in part, however, the trial court made the remainder of the default judgment
interlocutory because it does not dispose of all claims and parties before the court. See
Lehmann v. Har-Con Corp., 39 S.W.3d 191, 192-93 (Tex. 2001).

 Ernest contends compliance with the Property Code's demand requirement should be
considered sufficient service of citation by publication because he used the word "defendant"
in the published demand. Publication of the pre-suit demand for reimbursement of ad
valorem taxes pursuant to the Property Code is not service of process in a subsequent lawsuit. 
Ernest argues that even if the trial court made a "procedural error," such error was harmless
because the judgment granted him what he would be entitled to "if the Appellants had
presented their case in its entirety." Due process requires appellants be given notice of the
pendency of the action filed against them and the opportunity to present their objections. See
Peralta v. Heights Med. Ctr., Inc., 485 U.S. 80, 84, 108 S.Ct. 896, 99 L.Ed.2d 75 (1988). 
The lack of service of process is not harmless error. Ernest also argues appellants "lack
standing to bring this appeal because they were never proper parties before the trial court." 
Ernest argues, "Appellants have proferred no evidence to illustrate heirship or that they own
an interest in the property in question." Appellants were not made parties by service of
process before a default judgment was entered against them. Whether they will be successful
on the merits is not the issue in this appeal. Rather, the issue is appellants' entitlement to
notice and an opportunity to be heard before judgment is entered against them. See id. 
Finally, appellee cites appellants' lack of compliance with Tex. R. Civ. P. 329, and argues
appellants have failed to perfect appeal. Rule 329 is not applicable. The default judgment
had not become final when appellants filed their appearance and motion. Furthermore,
service of process by publication was never attempted in this case. See Wiebusch v.
Wiebusch, 636 S.W.2d 540, 542 (Tex. App.--San Antonio 1982, no writ) (stating Rule 329
applies only when there has been a valid citation by publication).

 Appellants' issue is sustained. We reverse the trial court's judgment and remand this
cause for further proceedings.




 REVERSED AND REMANDED.

 ____________________________

 DAVID GAULTNEY

 Justice


Submitted on October 19, 2006

Opinion Delivered January 11, 2007


Before McKeithen, C.J., Gaultney and Kreger, J.J. 
1. Appellants are Jerrold D. Westbrook, Carol Ann Westbrook Curtis, Donald Ray
Westbrook, Connie Sue Westbrook, Wanda Westbrook Pruitt, Virgil Strigfield, Julie Hadnot,
Shawn Hadnot, and Dorian Hadnot. Virgile Stigfield's name is spelled differently in the
Notice of Appeal and Answer. 
2. Malcolm Westbrook is named in the Notice of Appeal. No issue is raised in the brief
concerning service on Malcolm. He timely filed an answer before the default judgment was
signed.