

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-15-00145-CV

**IN THE INTEREST OF J.P.** and J.E.B.

From the 225th Judicial District Court, Bexar County, Texas
Trial Court No. 2014-PA-00980
Honorable Richard Garcia, Judge Presiding

Opinion by:      Sandee Bryan Marion, Chief Justice

Sitting:         Sandee Bryan Marion, Chief Justice
                 Rebeca C. Martinez, Justice
                 Luz Elena D. Chapa, Justice

Delivered and Filed:  July 29, 2015

REVERSED AND REMANDED

This is an accelerated appeal from an order terminating appellant's parental rights. In two issues on appeal, appellant asserts he was not properly served by publication, and, if properly served, the trial court lacked personal jurisdiction over him because the court signed the termination order prior to the expiration of time in which appellant had to file his answer. We reverse and remand.

## PROCEDURAL BACKGROUND

The Department of Family Protective Services ("the Department") filed an original petition to terminate appellant's parental rights on March 28, 2014. An attorney ad litem was appointed to represent appellant, and counsel's "not ready" was granted several times when appellant, not having been served, did not appear at any proceedings. On January 28, 2015, the Department filed

a motion for substituted service of citation, which was granted on that same date. A "Citation By Publication By Courthouse Door" was signed by the district clerk on January 29, 2015, and posted on the courthouse door at 9:30 a.m. on February 3, 2015 "for a period of seven days." A bench trial was conducted on February 23, 2015, and the trial court signed the termination order on that same date.

## SERVICE BY PUBLICATION

In his first issue, appellant asserts the Department failed to exercise due diligence to locate an address at which he could be personally served. According to appellant, the Department had addresses for him in both San Antonio and Minnesota, but failed to contact any government official or family services department in Minnesota, failed to send service through the sheriff's department in the appropriate county in Minnesota, and failed to find any family members who could receive service pursuant to Texas Rule of Civil Procedure 106.[1]

Personal jurisdiction is dependent "upon citation issued and served in a manner provided for by law." *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990). If service is invalid, it is "of no effect" and cannot establish the trial court's jurisdiction over a party. *In re E.R.*, 385 S.W.3d 552, 563 (Tex. 2012) (quoting *Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884, 885 (Tex. 1985) (per curiam)). The Texas Family Code allows for service by publication on a parent if the individual "cannot be notified by personal service or registered or certified mail and to persons whose names are unknown." TEX. FAM. CODE ANN. § 102.010(a) (West 2014); *In re E.R.*, 385 S.W.3d at 564. The trial court must "inquire into the sufficiency of the diligence exercised in

---

[1] "Upon motion supported by affidavit stating the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found and stating specifically the facts showing that service has been attempted under either (a)(1) or (a)(2) at the location named in such affidavit but has not been successful, the court may authorize service (1) by leaving a true copy of the citation, with a copy of the petition attached, with anyone over sixteen years of age at the location specified in such affidavit . . . ." TEX. R. CIV. P. 106.

attempting to ascertain the residence or whereabouts of the [parent] . . . before granting any judgment on such service." TEX. R. CIV. P. 109;[2] *see also* TEX. FAM. CODE § 161.107(b) ("If a parent of the child has not been personally served in a suit in which the Department of Family and Protective Services seeks termination, the department must make a diligent effort to locate that parent."). Lack of diligence constitutes ineffective service by publication. *In re E.R.*, 385 S.W.3d at 564.

Two witnesses testified at the termination hearing. Edward Luddeke, the maternal grandfather to the two children[3] at issue in the proceeding, testified he last spoke to appellant a few days before the termination hearing. Luddeke testified appellant did not want his parental rights terminated. Luddeke said he gave appellant's telephone number to the caseworker, Angie Steinhow, and he knew she had tried to contact appellant several times. Luddeke said he encouraged appellant to call the Department, but appellant "owes child support from other children and he doesn't want anything to do with the courts, he is afraid he is going to be locked up." When asked if he knew whether appellant had been homeless throughout the case, Luddeke responded that appellant moved from family member to family member and the longest he had ever seen appellant stay at one house was three or four months. Luddeke saw appellant a few months before the termination hearing, and, at that time, appellant was sleeping in a Walmart parking lot. Luddeke had heard from others that appellant was living in Minnesota.

---

[2] "When a party to a suit, his agent or attorney, shall make oath that the residence of any party defendant is unknown to affiant, and to such party when the affidavit is made by his agent or attorney, or that such defendant is a transient person, and that after due diligence such party and the affiant have been unable to locate the whereabouts of such defendant, or that such defendant is absent from or is a nonresident of the State, and that the party applying for the citation has attempted to obtain personal service of nonresident notice as provided for in Rule 108, but has been unable to do so, the clerk shall issue citation for such defendant for service by publication. In such cases it shall be the duty of the court trying the case to inquire into the sufficiency of the diligence exercised in attempting to ascertain the residence or whereabouts of the defendant or to obtain service of nonresident notice, as the case may be, before granting any judgment on such service." TEX. R. CIV. P. 109.

[3] Appellant is the presumed father of one of the children. Another man is named on the birth certificate of the other child, but the mother identified appellant as the father of both children.

Angie Steinhow, the caseworker, testified about her efforts to contact appellant: (1) she received several addresses from Quick Find searches and the internet, (2) she sent several letters, some by regular mail and one by certified mail, to addresses in both San Antonio and Minnesota and "received nothing back," (3) she went to the two San Antonio addresses that she had, but no one at those addresses knew appellant, and (4) she left two or three messages a month with appellant since the beginning of the case, but none of her calls were returned. Steinhow also said that when she called the telephone number Luddeke gave her, a woman occasionally answered and said this was not appellant's number. Steinhow thought a Department investigator may have spoken to appellant "last year." Steinhow stated that, to her knowledge, appellant did not have stable housing. As to his relationship with the children, Steinhow said appellant had no contact with the children over the duration of the case, she did not know the last time he had spoken to either of the two children, and the children said they had no contact with appellant. According to Steinhow, the children's mother did not know appellant's location, except that she thought he moved back and forth between San Antonio and Minnesota, and he was homeless in San Antonio. When asked if she had investigated whether there were any programs in Minnesota that could assist appellant, Steinhow replied that she had not and appellant had been "back and forth between San Antonio and Minnesota."

When a parent's identity is known, service by publication is generally inadequate. *In re E.R.*, 385 S.W.3d at 560. However, the Family Code allows for service by publication in circumstances other than when identity is unknown, e.g., for individuals who cannot be served personally or through the mail. TEX. FAM. CODE § 102.010(a). But, whatever the circumstances, the common requirement for effective service by publication is that diligence must be exercised in attempting to ascertain the residence or whereabouts of the parent. *In re E.R.*, 385 S.W.3d at 564. "A diligent search must include inquiries that someone who really wants to find the defendant

would make, and diligence is measured not by the quantity of the search but by its quality." *Id.* at 565. "[S]ervice by publication is authorized when 'it is not reasonably possible or practicable to give more adequate warning.'" *Id.* at 566 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 317 (1950)).

On this record, we conclude the Department made a diligent search to locate appellant's whereabouts. Steinhow attempted to contact appellant on the only known telephone number for him, and her telephone messages either were not returned or she was told the number did not belong to appellant. When Steinhow visited the two San Antonio addresses, no one at those addresses knew appellant. Letters mailed to San Antonio and Minnesota addresses were not returned; therefore, Steinhow was unable to obtain any available forwarding address. The children's mother and Luddeke both thought appellant was either homeless or moving from location to location, between two states. Appellant had no contact with either of the children, and, according to Luddeke, appellant did not "want anything to do with the courts." We conclude it was not possible or practicable to give appellant more adequate warning; therefore, service on appellant by publication was proper.

## PERSONAL JURISDICTION

In his final issue, appellant asserts the trial court lacked personal jurisdiction over him at the time of trial because judgment was entered against him prior to expiration of the time in which he had to answer the Department's petition.

Family Code section 102.010 provides that "[i]f the court orders that citation by publication shall be completed by posting the citation at the courthouse door for a specified time, service must be completed on, and the answer date is computed from, the expiration date of the posting period." TEX. FAM. CODE § 102.010(e). In this case, the trial court's order for substituted service did not specify a "posting period." Instead, the court ordered that "the clerk shall issue and the Sheriff or

Constable shall post and return, citation on [appellant] in this case as is done in accordance with the Texas Family Code and the Rules of Civil Procedure."

Family Code section 102.010 requires the citation to state: "If you or your attorney do . . . not file a written answer with the clerk who issued this citation by 10 a.m. on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you." TEX. FAM. CODE § 102.010(c); *see also* TEX. R. CIV. P. 99(c) (requiring substantially similar language). Here, the citation posted on the courtroom door included this language. The citation and Sheriff's Return, contained within a single document, states citation was posted on the courtroom door on February 3, 2015 "for a period of seven days."

Under the Family Code, "the answer date is computed from[] the expiration date of the posting period." *See* TEX. FAM. CODE § 102.010(e). Although the trial court's order did not state a "posting period," the citation and Sheriff's Return stated a "posting period" of seven days. Therefore, appellant's answer was due on March 9, 2015, the Monday following twenty days from February 10, 2015. The trial court conducted the termination hearing and signed the termination order on February 23, 2015. Therefore, on this record, we must conclude the trial court lacked personal jurisdiction over appellant because the time period in which appellant had to file his answer had not yet expired.

## CONCLUSION

Because the trial court did not have personal jurisdiction over appellant on the date the court signed the order terminating appellant's parental rights, we reverse the trial court's Order of Termination and remand for further proceedings.

Sandee Bryan Marion, Chief Justice