**DISSENTING Opinion Filed November 29, 2021**



**In the**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-19-01480-CV**

**PRO-FIRE & SPRINKLER, L.L.C. AND JAMES C. LANKFORD,**
**Appellants**
**V.**
**THE LAW COMPANY, INC., Appellee**

**On Appeal from the 95th District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-18-18762**

## DISSENTING OPINION

Before Justices Myers, Osborne, and Carlyle
Dissenting Opinion by Justice Carlyle

The majority here reverses and remands a default judgment, thus rewarding a service-avoiding defendant and his company for skirting the rule of law. To get there, the majority elevates an ungrammatical reading of the return's text by misreading the phrase "in person" and goes beyond what the law governing return of service requires. I disagree there is service error on the face of the record and therefore, I respectfully dissent in this restricted appeal. *See Ex parte E.H.*, 602 S.W.3d 486, 497 (Tex. 2020) (restricted appeal appellant must establish error on face of record to prevail).

Plaintiff The Law Company sued Pro-Fire & Sprinkler for breach of a contract as to which James Lankford personally guaranteed Pro-Fire's performance. After four attempts at serving Lankford and Pro-Fire at Lankford's home, and after a process server twice spoke to Lankford's wife, who confirmed he lived there, TLC moved for substituted service on both defendants on January 22, 2019. The trial court signed an order authorizing substituted service on Lankford, as follows:[1]

> After considering Plaintiff's Motion for Substituted Service and supporting Affidavit, it is ordered by the Court that the Motion is granted, and that service upon Defendant, JAMES C. LANKFORD, be made by a person authorized by law to serve process by delivering a true copy of the Citation and Plaintiff's Original Petition to anyone over sixteen years of age at the Defendant's usual place of abode, 1165 Brent Avenue, Terrell, Texas 75160, or **in the event no one over sixteen is present when service is attempted**, by attaching copies of the Citation and Plaintiff's Original Petition to the front door at 1165 Brent Avenue, Terrell, Texas 75160.
>
> IT IS FURTHER ORDERED that the return of service on the Citation and Plaintiff's Original Petition state when and how the Citation and Plaintiff's Original Petition were served, and be signed and sworn to by the person making the return of service.

The Pro-Fire order was similar:

> Therefore, the Court GRANTS the motion and authorizes substituted service on Defendant Pro-Fire & Sprinkler, LLC by securing a copy of the citation and Original Petition to the front door of James C. Lankford's, the Manager of Defendant Pro-Fire & Sprinkler, LLC, residence located at 1165 Brent Avenue, Terrell, Texas 75160.

---

[1] The 95th Judicial District Court was without a permanent judge at this time due to now-Justice Ken Molberg's election to this Court. Senior District Judge Jim Jordan, sitting by assignment, signed the order as to Lankford on January 28, 2019, but did not sign an order as to Pro-Fire. Magistrate Judge Sheryl Day McFarlin signed the order as to Pro-Fire on March 22, 2019.

As to Lankford, the return stated:

and was executed at 1165 BRENT AVE, TERRELL, TX 75160 within the county of KAUFMAN at
12:55 PM on Fri, Feb 01 2019, by delivering a true copy to the within named

JAMES C. LANKFORD, BY ATTACHING A TRUE COPY OF THE CITATION AND PLAINTIFF'S ORIGINAL PETITION TO THE
FRONT DOOR AT 1165 BRENT AVENUE, TERRELL, TEXAS 75160, PURSUANT THE ORDER FOR SUBSTITUTED SERVICE

in person, having first endorsed the date of delivery on same.

The Pro-Fire return stated:

and was executed at 1165 BRENT AVE, TERRELL, TX 75160 within the county of KAUFMAN at
09:40 AM on Thu, Apr 25 2019, by delivering a true copy to the within named

PRO-FIRE AND SPRINKLER, LLC., BY SECURING A COPY OF THE CITATION AND ORIGINAL PETITION TO THE FRONT
DOOR OF JAMES C. LANKFORD'S, THE MANAGER OF DEFENDANT PRO-FIRE & SPRINKLER, LLC, RESIDENCE LOCATED
AT 1165 BRENT AVENUE, TERRELL, TEXAS 75160, PER THE ORDER ON PLAINTIFF'S MOTION FOR SUBSTITUTED
SERVICE ON DEFENDANT PRO-FIRE & SPRINKLER, LLC,

in person, having first endorsed the date of delivery on same.

A "return should be given a fair, reasonable, and natural construction to its intent and meaning." *Cuetara v. DSCH Capital Partners, LLC*, No. 03-16-00078-CV, 2016 WL 3917181, at *3 (Tex. App.—Austin July 14, 2016, no pet.) (mem. op.). The majority does not do so, as described below.

**Over 16**

The majority begins by faulting the Lankford return for failure to strictly comply with the substituted service order because the return fails to recite that no one over the age of sixteen was present. The majority views this recitation as a precondition to the process server being able to access the second form of service the substituted service order authorizes and which the server used, posting to the front door.

–3–

In a nearly identical complaint, the defaulted defendant in *Norton v. Lucio*, No. 03-03-00074-CV, 2003 WL 21402021 (Tex. App.—Austin June 19, 2003, pet. denied) (mem. op.), complained the return failed to indicate whether the service recipient was a person over age sixteen or whether a copy of the order was served. The Austin court of appeals turned those complaints aside because the order did not "require this information to be affirmatively recited on the return." *Id*. at *3. The order said "that service of citation may be made on Defendant, FRED NORTON dba AUSTIN AUTO SPORTS, by leaving a copy of the citation, with a copy of the petition and a copy of this order attached, with any person 16 years of age or older at: Defendant's usual place of business: [address]." *Id*. at *2. The return said service occurred "at [address], within the county of Travis [where] on the 23 day of Apr, 02, at 9:50 o'clock A.M. [when], by delivering to the within named Fred Norton DBA Austin Auto Sports by delivering to Alison Cranford." *Id*. at *3. The court of appeals concluded "the errors complained of were not actually errors at all . . . , the district court's order did not require that this information be stated on the return," and to hold the return insufficient would be "requiring more from the return" than the district court did. *Id*. at *4.

I agree with this reasoning, and it counsels affirmance here. The trial court's order did not require any particular recitation in the return, though the court had discretion to specify what was in the return, and the return otherwise specifically recited every required item. *See id*. at *3 (citing *Patel v. Park Plaza Hosp*., 866

S.W.2d 645, 646 (Tex. App.—Houston [1st Dist.] 1993, writ denied) (same issue, same outcome)).

Recent authority from our supreme court also supports this reasoning. In *Spanton v. Bellah*, the supreme court weighed in on whether a return reciting service to the correct house number but on "Heather Hills Drive" instead of "Heathers Hill Drive," as the substituted service order authorized, invalidated service. 612 S.W.3d 314, 315–16, 318 (Tex. 2020) (per curiam). The court concluded the misplacement of the letter "s" rendered the return out of strict compliance with the order, even though "one might reasonably presume or believe" defendants received service. *Id*. at 318. There was no record evidence demonstrating the defendants received service, and thus the court could not presume in favor of service. *Id*. Notably, in explaining the standard for what would render a return out of strict compliance with a substituted service order, the supreme court stated "*Cuetara* properly distinguishes the types of discrepancies that may invalidate substituted service from those that are mere 'minutest details.'" *Id*. at 317.

In *Cuetara*, the complaint was that the return failed to specify that service occurred at the "front office" of defendant Cuetara's usual place of business. 2016 WL 3917181, at *2. The order authorized service "by personally delivering a copy of the citation and original petition to Florencio Cuetara's usual place of business, 15251 Barranca Parkway, Irvine, California 92618, and leaving such process with the receptionist or such other person over the age of sixteen at the front office at such

address." *Id*. at *1. Thus, as here, the order did not specify "how proof of service should be made or that it had to include every detail listed in the order for substituted service." *See id*. at *2. The return indicated service occurred by:

> delivering a true copy of the **Citation and Original Petition; Order Authorizing Substituted Service** with the date of service endorsed thereon by me, to: **John Doe** as **Manager**, a person employed therein and authorized to accept service for **Florencio Cuetara** at the address of: **15251 Barranca Parkway, Irvine, CA 92618**, the within named person's usual place of **Work**, in compliance with State Statutes.
>
> **Additional Information pertaining to this Service:** 4/21/2015 9:55 am Documents served upon a manager who refused to provide his name. He did confirm that Mr. Cuetara was in the office but would not be willing to accept the documents personally. BMW, CA plate 6ZVB897 parked in the lot that is believed to be the Mr. Cuetara's vehicle.
>
> **Description** of Person Served: Age: 35, Sex: M, Race/Skin Color: Hispanic, Height: 5'10", Weight: 175, Hair: Black, Glasses:-

The court of appeals noted that the "language in the order suggests that the trial court was more concerned with the type of person to be served at Cuetara's business address than with the specific room for service within that address." *Id*. at *2–3 (citing *Norton*, 2003 WL 21402021, at *4). The court's conclusion that service was not invalid fell directly in line with the reasoning in *Norton* and *Patel*. *See id*. at *3.

*Spanton* and *Cuetara* lead to the conclusion that the "person over age 16" language here is but a minute detail that the order did not require to be present in the return. First, like in *Cuetara*, the substitute service order's language gives no

indication the trial court here required verification that no one over age 16 was present. According to the majority, the fact that the only part of the order in bold typeface is the phrase "in the event no one over sixteen is present when service is attempted" somehow means the trial court was concerned with knowing whether a person was present over or under that age when the process server effected service. But this is a presumption the majority makes against service, plain and simple.[2]

And, in any event, the substitute service order gave two options: (1) serve anyone over sixteen years of age at Lankford's address or (2) if no one over sixteen was present, attach the documents to the front door. The operative portion of the order concerned achieving service at the Terrell address, either by (1) or by (2), and the order did not specify "how proof of service should be made or that it had to include every detail listed in the order for substituted service." *See id.* at \*2. The order stated only that the return must "state when and how the Citation and Plaintiff's Original Petition were served, and be signed and sworn to by the person making the return of service." By stating that "at 12:55 PM on Fri., Feb 01 2019" the server served "JAMES C. LANKFORD, BY ATTACHING A TRUE COPY OF THE CITATION AND PLAINTIFF'S ORIGINAL PETITION TO THE FRONT DOOR

---

[2] The majority correctly states that we do not draw presumptions in favor of valid issuance, service, and return of citation in the face of an attack on a default judgment, *see Uvalde Country Club v. Martin Linen Supply Co., Inc.*, 690 S.W.2d 884, 885 (Tex. 1985) (per curiam), but this does not authorize us to make presumptions or inferences against service.

–7–

AT [ADDRESS] PURSUANT TO THE ORDER FOR SUBSTITUTED SERVICE," the return strictly complied with the "when and how" requirement.

The majority elevates standard process service rule language allowing substituted service on any person over age sixteen at the location, *see* TEX. R. CIV. P. 106(b)(1), to a specific requirement of the substituted service order. I disagree with this court-made expansion of the rule. And notably, the majority cites no case holding that a return must recite that no one over age 16 was present to strictly comply with standard rule 106(b)(1) language contained in the order.

**Internal inconsistency**

Next, the majority concludes both the Lankford return and the Pro-Fire return fail due to internal inconsistency. Though a natural reading of the returns should give no reader pause in concluding the documents were posted on the front door, the majority elevates the phrase "in person" to overpower the very specific service facts the return recites in the four lines before those two words.

The majority also indulges in a presumption that "in person" somehow means that the process server handed the citation to a person, to the same effect of ignoring all the specific service facts the returns recite. I cannot agree that we are presented with an "internal inconsistency." To me, there is no inconsistency, and the return language strictly conforms to the order by telling us the server posted the documents to the correct front door.

The majority relies heavily on the conclusion in *Dolly* that the return there failed to strictly comply with the substituted service order. *Dolly v. Aethos Commc'ns Sys., Inc.*, 10 S.W.3d 384 (Tex. App.—Dallas 2000, no pet.). Several differences between this case and that one compel a different result here. Here's the *Dolly* return:

RETURN

Came to hand on ___6th___ day of _____July_____, 19 98, at _9:00_ o'clock __A. M. Executed at __16220 Lamplighter CT., NO. 1228_, Southfield, MI 48075___, within the County of __Wayne___ at _9:20_ o'clock __P. M. on the _____10th____ day of ___August___, 19 98, by delivering to the within named _KIRK DOLLY_____ each, in person a true copy of this Citation in Cause No. ___DV-98-03689___, together with the accompanying copy of this pleading, having first endorsed on same date of delivery.

TOTAL FEES
For Serving Citation ___$ 65.00__          _____/s/ Gerald Borycz_____
                                           of _____WAYNE_____ County
                                           By ____GERALD BORYCZ_____
                                                  Deputy/Authorized Person

On this day personally appeared __GERALD BORYCZ___ known to me to be the person whose name is subscribed on the foregoing instrument and who has stated under oath that they executed the Citation in the above numbered cause pursuant to the Texas Rules of Civil Procedure.

                       _____/s/ Lee Borvcz_____
                       Notary Public _LEE BORYCZ_ County _WAYNE__

(Must be verified if served outside the State of Texas.)

                                        LEE BORYCZ
                                        NOTARY PUBLIC - WAYNE COUNTY, MI
*POSTED TO FRONT DOOR*                  MY COMMISSION EXPIRES 12/24/00

                       [FILE STAMP]

The operative portion of the *Dolly* return stated service occurred "by delivering to the within named KIRK DOLLY each, in person a true copy of this Citation." That's the first difference from this case: the *Dolly* return started with a statement that service occurred in person. Then, at the bottom of the return, below the verification, the return stated "*POSTED TO FRONT DOOR*." But, as the *Dolly* opinion pointed out, this was an out-of-state return of service that had to be verified. *Id.* And the verification only verified the "foregoing instrument," which this

–9–

Court concluded did not include anything below the verification. Thus, this Court held the verified, main portion of the service return failed to strictly comply with the substituted service order because that part of the return stated service occurred in person.[3]

This major difference between the *Dolly* return and the returns before us means *Dolly* does not require reversal here. Here, as noted, the specific service facts indicate compliance with the substituted service order—the returns stated service occurred by posting the documents to the front door. I disagree that including "in person" directly after the returns' statement that the documents were posted to the front door introduces a meaningful inconsistency in this case. At most, in grammatical context, it recites the obvious: that the server posted the documents to the front door herself in person.

The majority's reading actually imposes a presumption that "in person" always must mean something like "the process server handed documents to the other person, who was also physically present."[4] But this just doesn't follow in our case. The more natural meaning of the returns here is, as TLC suggests, that the process server placed the documents on the front door herself in person. Nothing in the

---

[3] That conclusion raises the interesting question whether personal service becomes ineffective when a court authorizes substituted service via rule 106(b), but we are not presented that question today.

[4] *See supra* note 2.

record gives the reader any indication that anyone else was present to have received the documents, and the returns only indicate that documents were posted to the door.

And the majority speculates to support its conclusion. Discussing the returns, the majority manufactures some significance from the fact that some of it is presented in all caps and some is in regular title caps format. The majority is open about its speculation, too, telling us "there are two different fonts in the affidavit: one font (not in all caps) appears to set up a form for in-person service, and another font (in all caps) appears to be information the process server filled in." Using "appears to" twice to support this conclusion means it is a guess, a presumption against valid service, and it is an unauthorized method to reach the conclusion here.

I also have concerns with the *Dolly* opinion's analytical inconsistency. On the one hand, *Dolly* characterizes the return as internally inconsistent because it recites that service occurred in person and then at the bottom says citation was posted to the front door. But in its operative analysis, this Court concluded that because "*POSTED TO THE FRONT DOOR*" wasn't verified as required, the trial court could not rely on that statement to reflect compliance with the substituted service order. So this Court could say the return was inconsistent because it stated both "in person" and "*POSTED TO THE FRONT DOOR*" but no one else could rely on the front door statement because it wasn't verified.

I am also disinclined to follow *Dolly* because the returns here are much more detailed than "*POSTED TO THE FRONT DOOR*," which *Dolly* said failed to

"state anything of legal significance, such as what was posted to the front door." *Id.* at 389. Here, we know exactly what the process server posted to the door because the returns tell us—"a copy of the citation and original petition." And the returns here otherwise complied with the order. The lack of clarity in *Dolly*'s analysis, along with its outright self-contradiction, make me wary to follow it in this case, especially when *Dolly* dealt with different service return rules and materially distinguishable facts.

I view the *R.E.C.* case the majority cites much the same as *Dolly*, primarily because *R.E.C.* has two of the same problems as *Dolly*: the initial statement in the return plainly indicated service by process server to a defendant who was physically present and the later inconsistent portion indicating front door posting failed to state what was posted on the front door and what was mailed. *In re R.E.C.*, No. 05-14-01003-CV, 2015 WL 2205654, at *2 (Tex. App.—Dallas May 12, 2015, no pet.) (mem. op.).[5] Thus, I don't believe local precedent binds us to reverse, and, to the contrary am confident the returns here strictly complied with the order.

*     *     *

Here, there is no argument that service was improper because it was executed at an incorrect address, that Lankford was not the manager of Pro-Fire, or that

---

[5] The initial portion of that return stated the citation was delivered "to the within named Respondent/Defendant, to-wit: Susan E. Cannon . . . each, in person." Also, like in *Dolly*, the return later stated, "Information received as to the whereabouts of defendant being [address] by Posting on the front door per Order on Motion for Alternative Service Rule 106 and by mailing a true and correct copy." *R.E.C.*, 2015 WL 2205654, at *2.

someone under or over the age of 16 was present when service was executed, though of course, that would be outside the record and not available for our consideration here. *See Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004). There is no argument any name is spelled incorrectly or a party was otherwise misidentified. There's no argument the proper documents weren't served.

The substitute service orders addressed a common situation and did so with plain, understandable language. The returns properly complied with the order and proved proper service pursuant to that order. I would reject Pro-Fire's and Lankford's service-related issues. I express no opinion on their remaining issues.

/Cory L. Carlyle//

CORY L. CARLYLE

191480f.p05                    JUSTICE